572 So.2d 648 (1990)
Kay A. DELANZO
v.
ABC CORPORATION, et al.
No. 90-CA-494.
Court of Appeal of Louisiana, Fifth Circuit.
December 12, 1990.
*649 Lobman, Carnahan & Batt, Edward P. Lobman, Lisa Montgomery Lewis, Metairie, for Oriental Trading Co., Inc., Westchester Fire Ins. Co. and U.S. Fire Ins. Co., defendants-appellants.
Blue, Williams & Buckley, Thomas G. Buck, Metairie, for Oriental Merchandising Co. and Maryland Cas. Co., defendants-appellees.
Before CHEHARDY, C.J., and DUFRESNE and GOTHARD, JJ.
CHEHARDY, Chief Judge.
This appeal challenges a grant of summary judgment dismissing plaintiff's and intervenor's product liability claim against the retail distributor. We affirm.
Plaintiff, Kay Delanzo, was employed as a waitress by McFadden Ventures, Inc., d/b/a Ocean Club. She was obliged to wear a plastic visor as part of her uniform.[1] On February 18, 1987 as plaintiff placed the plastic visor on her head it broke and the rear portion became lodged in her left eye, ultimately causing blindness.
Plaintiff filed a product liability suit against the product retail distributor Oriental Merchandise Company, Inc. (Merchandise), the alleged wholesaler/manufacturer Oriental Trading Company, Inc. (Oriental *650 Trading) and the alleged foreign manufacturer Lun Fa Industries Ltd. She contended that a defect in the plastic visor's design, composition, manufacture or warnings rendered it unreasonably dangerous in normal use, thus subjecting the manufacturers to liability. With respect to the retail distributor plaintiff contended that Merchandise knew or should have known of the defect and omitted to declare it. Insurance Company of North America intervened for priority recovery of compensation benefits payable to plaintiff.
Merchandise and its liability insurer Maryland Casualty Company moved for summary judgment dismissal. Citing the legal precept that a retail distributor's liability derives from his knowledge of the defect and failure to declare it, movers introduced the affidavit of Merchandise's owner denying any knowledge or reason to know that a defect existed in the plastic visor. Plaintiff and co-defendant Oriental Trading opposed the motion, arguing that Merchandise had failed to instruct or warn plaintiff in the proper use of the visor. The motion was initially denied but when reurged eight months later was granted, the trial judge finding that Merchandise had no knowledge of defect and no duty to warn.
Oriental Trading has appealed. Merchandise has filed a motion to dismiss the appeal arguing that Oriental Trading is not a "party aggrieved" by the judgment and has no substantial interest in prosecuting the appeal. LSA-C.C.P. art. 681. We disagree.
"Appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court. CCP Art. 2082. The sole object of an appeal is to give an aggrieved party to a suit recourse to a superior tribunal for the correction of a judgment of an inferior court. Any party, or person who could have intervened in the trial court, who is aggrieved by a trial court judgment has the right to appeal that judgment unless he has acquiesced therein, or is otherwise deprived of that remedy. CCP Arts. 2085, 2086. A party to a suit is given an unqualified right to appeal from an adverse final judgment and need not allege and show a direct pecuniary interest in order to be entitled to appeal. Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594 (1963). A person need not have a judgment directly against him in order to appeal that judgment. [Bradley v. Central Louisiana Elec. Co., Inc., 437 So.2d 999 (La.App. 3 Cir.1983)], Brock v. Tidewater Construction Company, 318 So.2d 100 (La. App. 3d Cir.1975)."
Andrade v. Shiers, 516 So.2d 1192, 1193 (La.App. 2 Cir.1987).
In a product liability claim the allegation of lack of, or inadequate, warning or instruction may constitute a product defect. The presence, absence or quality of warning or instruction is relevant to a claim against a manufacturer and/or retail distributor. If plaintiff's claim is that the retail distributor failed to forward manufacturer warnings or instructions along with the product, the manufacturer has a very real and actual interest in determining whether plaintiff can make a case against the retail distributor because the distributor's conduct may have a direct bearing on the ultimate outcome of the litigation against the manufacturer. Ewing v. Sharp, 294 So.2d 902 (La.App. 2 Cir.1974).
Oriental Trading challenged the motion for summary judgment on the warning/instruction issue both orally and in brief. It is aggrieved by the judgment adverse to its interest, and as a party to suit has recourse to a forum where it may test the validity of that judgment. Andrade, supra.
We now turn to the merits of the appeal.
To prevail in a product liability suit[2] plaintiff must prove that the product was defective, that is, unreasonably dangerous in normal use, the defect caused the injury, the injury might reasonably have been anticipated by the manufacturer, and the product was in normal use at the time the injury occurred. Weber v. Fidelity & Casualty Insurance Co. of N.Y., 259 La. 599, 250 So.2d 754 (1971); Hunt v. City Stores, Inc., 387 So.2d 585 (La.1980). A *651 claim against a retail distributor is actionable, that is, he is liable in tort, only if he knew or should have known that the product sold was defective and failed to declare it. LSA-C.C. art. 2545. A defect may be proved by showing absence of or inadequacy of manufacturer warnings or instruction. Chappuis v. Sears Roebuck & Co., 358 So.2d 926 (La.1978). The manufacturer not the seller is required to give the warning. Marshall v. Beno Truck Equipment, Inc., 481 So.2d 1022 (La.App. 1 Cir.1985); Rhoto v. Ribando, 504 So.2d 1119 (La.App. 5 Cir.1987). There is no duty to warn about dangers which are common knowledge or which are obvious to the user.
To prevail against Merchandise on her claim plaintiff had to show (1) actual or constructive knowledge of the defect; (2) failure to warn or instruct. Conversely if Merchandise could show through affidavit or pleadings of record that on the undisputed facts it was legally entitled to judgment, it could obtain summary judgment. LSA-C.C.P. art. 966. We find that Merchandise has made this showing.
The documents with which Merchandise supported its motion and the pleadings on file reflect the following: Oriental Trading shipped a total of 720 dozen plastic visors to Merchandise on February 9, 1986 and September 15, 1986, along with the agent's invoice and catalogue description. No warnings or instructions accompanied the visors. Merchandise answered interrogatories stating that it purchased the plastic visor that injured plaintiff from Oriental Trading. It could not produce the sales invoice. Merchandise's owner Stan Tamai testified by affidavit that when he receives a shipment of visors he and his co-employees inspect the shipment for obvious defects. No defects have been found in visors received or sold, including the one dozen sold to plaintiff's employer in February 1987. Mr. Tamai gave no representations, warranties or recommendations on the visors.
In deposition plaintiff testified that when she received the plastic visor she looked at it and knew it would not fit her head. She pulled it apart. It poked her in the eye and then broke.
It appears that Merchandise bore both its legal and factual burden at trial of the summary motion. The evidence taken as a whole shows quite clearly that it had no knowledge or reason to know of a defect in the plastic visors it received and sold to plaintiff's employer and that it did not receive any instructions or warnings with the visor nor was it asked for any recommendation on visors it sold.
On appeal Oriental Trading reiterates its opposition argument: it did not sell to Merchandise the particular visor that injured plaintiff; neither plaintiff nor Merchandise has proved the identity of the wholesaler; absent this proof it may be that the wholesaler provided warnings or instructions on the proper use of the visor to Merchandise, that Merchandise failed to convey to customers including plaintiff's employer. We are not persuaded that this argument defeats summary dismissal.
Despite the presence of disputed facts summary judgment will be granted as a matter of law if the contested issues of fact are so patently insubstantial as to present no genuine issue. Allegations without substance will not preclude summary judgment. Jones v. City of Kenner, 442 So.2d 1242 (La.App. 5 Cir.1983). A genuine material issue of fact is a triable issue the resolution of which proves or disproves an element of plaintiff's case. Toups v. Hawkins, 518 So.2d 1077 (La.App. 5 Cir.1987). Here the issue of the identity of the phantom wholesaler is non-germane and cannot defeat summary judgment. It is based on the false premise that Merchandise owed a duty to initiate warnings or formulate instructions for plaintiff's proper use of the plastic visor. Harris v. Atlanta Stove Works, Inc., 428 So.2d 1040 (La.App. 1 Cir.1983). This is not the law. Rhoto, supra. Merchandise had no independent duty to warn or instruct plaintiff's employer in the proper use of the visor. On motion it proved that it received no pamphlet information on the visor that would have alerted it to visor defects or that it could have forwarded to purchasers.
When documents introduced in support of a motion for summary judgment are sufficient to resolve all genuine issues *652 of fact, the sufficiency shifts the burden to the opposing party to present evidence showing a genuine material fact is still at issue. LSA-C.C.P. art. 967. Oriental Trading has not met this burden with the mere allegation that instructions may have been provided with the visor by an unknown wholesaler. Considering the facts presented and the record as a whole we conclude that Merchandise is entitled to relief. We affirm the district court grant of summary judgment dismissing plaintiff's and intervenor's suit against Oriental Merchandise Company, Inc., and its insurer Maryland Casualty Company. Oriental Trading Company, Inc., is cast with the cost of this appeal.
AFFIRMED.
NOTES
[1] 
[2] This suit arose prior to the enactment of LSA-R.S. 9:2800.51.