# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-1492


**GREGORY K. HORNAGE**

**VERSUS**

**CLECO POWER, L.L.C., ET AL.**


************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT,
PARISH OF RAPIDES, NO. 216,115,
HONORABLE B. C. BENNETT, JR., DISTRICT JUDGE

************

**MICHAEL G. SULLIVAN**
**JUDGE**

************

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy H. Ezell, Judges.


**REVERSED AND REMANDED.**

Howard N. Nugent, Jr.
Nugent Law Firm
Post Office Box 1309
Alexandria, Louisiana  71309-1309
(318) 445-3696
Counsel for Plaintiff/Appellee:
 Gregory K. Hornage

Albin A. Provosty
Provosty, Sadler, deLaunay, Fiorenza & Sobel
Post Office Drawer 1791
Alexandria, Louisiana  71309-1791
(318) 445-3631
Counsel for Defendant/Appellant:
 Cleco Power, LLC

**Robert L. Bussey**
**Bussey & Lauve**
**Post Office Box 307**
**Alexandria, Louisiana  71309-0307**
**(318) 449-1937**
**Counsel for Defendant/Appellant:**
      **Rapides Parish Police Jury**

**Randall B. Keiser**
**Keiser & Auzenne**
**Post Office Box 12358**
**Alexandria, Louisiana  71315**
**(318) 443-6168**
**Counsel for Defendant/Appellant:**
      **The Town of Woodworth**

**John A. Ellis**
**Louisiana Department of Justice**
**Post Office Box 1710**
**Alexandria, Louisiana   71309**
**(318) 487-5944**
**Counsel for Defendant/Appellee:**
      **State of Louisiana through Department of Transportation and Development**

SULLIVAN, Judge.

The issue presented by this appeal is whether summary judgment dismissing the Department of Transportation and Development (DOTD) from this one-vehicle accident case should have been granted, given that its co-defendants, CLECO Power, L.L.C. (CLECO), the Town of Woodworth (the Town), and the Rapides Parish Police Jury (the Police Jury), were not served with the motion and did not receive notice of the hearing on the motion. For the following reasons, we reverse and remand.

**Procedural History**

Gregory Hornage filed this suit, alleging that he was injured on February 21, 2003, when an excessive accumulation of water in a curve on "Coolee Crossing," a road in Rapides Parish, caused him to lose control of his vehicle, after which he struck a fire hydrant owned by the Town and then a utility pole owned by CLECO. In his petition, Mr. Hornage identified both the Police Jury and DOTD as the owners of the road and its adjacent right of way. Allegations of fault against these two defendants included the failure to maintain the paved surface of the road, the failure to create a forgiving shoulder, the failure to follow industry standards regarding the placement of the utility pole near a curve within the right of way, and the failure to remove or reposition the utility pole. Allegations against CLECO, as the owner of the utility pole, included the failure to position the pole so as to provide a recovery area for motorists who foreseeably leave the road and the failure to install a breakaway pole and guy wires. Allegations against the Town included the positioning of the fire hydrant near the curve, the failure to erect a shield or barrier, and the failure to fashion a drainage arrangement that would not direct water onto the paved surface of the road.

CLECO, the Town, and the Police Jury filed answers denying liability and alleging that the sole cause of the accident was the fault of the plaintiff and/or of third parties for whom they were not responsible. The Town's answer also included allegations of fault against each named co-defendant.

DOTD did not file an answer, but instead filed a motion for summary judgment on June 21, 2004, contending that it neither owned nor maintained a road known as "Coolee Crossing" in Rapides Parish. DOTD requested service of this motion only on the plaintiff, and the clerk of court did not notify the co-defendants of the hearing on the motion, although they had requested notice of trial pursuant to La.Code Civ.P. art. 1572. The trial court granted the motion in open court on July 24, 2004, after a hearing at which only DOTD's counsel appeared. The judgment dismissing DOTD from the suit was signed on August 2, 2004. CLECO, the Town, and the Police Jury filed this appeal after receiving the notice of the signing of the judgment required by La.Code Civ.P. art. 1913. DOTD has not filed a brief in response to the appeal.

**Discussion**

Appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's consideration of whether a summary judgment is appropriate. *Schroeder v. Bd. of Sup'rs of La. State Univ.*, 591 So.2d 342 (La.1991). The mover is entitled to judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with supporting affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).

However, in addition to proof that the mover is entitled to judgment under the substantive law, "courts have consistently found that the mover must also show that

2

he has secured the judgment in accordance with the procedural law in order to have the summary judgment upheld on appeal." *Macaluso v. Macaluso*, 99-935, p. 5 (La.App. 1 Cir. 5/12/00), 762 So.2d 180, 183. In *Macaluso*, the court reversed summary judgment dismissing one defendant where the plaintiff was not served with the motion at least ten days before the hearing as required by the version of La.Code Civ.P. art. 966 then in effect[1] and did not receive adequate notice of the hearing date as required by the local court rules adopted pursuant to La.Code Civ.P. art. 1571. Finding that these procedural irregularities deprived the plaintiff of the opportunity to be heard as well as notice of the pendency of the action, the court rejected the defendant's argument that the judgment should nonetheless be affirmed because the pleadings and discovery showed that he was entitled to judgment as a matter of law.

Had the co-defendants in the present case been served with copies of DOTD's motion and/or received adequate notice of the hearing date, they would have been afforded an opportunity to oppose the motion and would have been entitled to appeal a ruling dismissing DOTD from the suit. In *Delanzo v. ABC Corp.*, 572 So.2d 648, 650 (La.App. 5 Cir. 1990), the court held that a co-defendant who had a "very real and actual interest in determining whether plaintiff can make a case" against another defendant was an "aggrieved party" entitled to appeal summary judgment dismissing that defendant from the suit. The court considered the judgment dismissing one defendant, a retail distributor in a products liability case, to be adverse to the interests of a remaining defendant, the manufacturer, because the dismissed defendant's conduct "may have a direct bearing on the ultimate outcome of the litigation[.]" *Id.* Additionally, this court has previously recognized that a motion for summary

---

[1]Article 966(B) now provides in part: "The motion for summary judgment and supporting affidavits shall be served at least fifteen days before the time specified for the hearing."

judgment determining liability should consider the conduct of all defendants. *See Chapman on Behalf of Arvie v. Liberty Mut. Ins. Co.,* 96-458 (La.App. 3 Cir. 11/6/96), 682 So.2d 906, and *Dauzat v. Hartford Ins. Co. of the Midwest,* 95-50 (La.App. 3 Cir. 5/3/95), 657 So.2d 188.

In the present case, the plaintiff has made several allegations of fault against DOTD that, if proven, could either exonerate or reduce the percentage of fault ultimately assessed to the other defendants. Under these circumstances, we find that the co-defendants should have been given the opportunity to respond to DOTD's motion, as they had a "very real and actual interest" in DOTD's remaining in the litigation. *Delanzo*, 572 So.2d at 650. Even if the co-defendants were not considered to be "adverse part[ies]" under La.Code Civ.P. art. 966(B), entitling them to service of the motion and supporting affidavits at least fifteen days before the hearing, they were at least entitled to notice of the hearing date under La.Code Civ.P. arts. 1571 and 1572.

**Decree**

For the above reasons, the judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion. Costs of this appeal in the amount of $398.00 are assessed to DOTD.

**REVERSED AND REMANDED.**

4