STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**05-426**

**JAMES CRYAR**

**VERSUS**

**ROBERT DALE BERNAUER, M.D., ACADIAN AMBULANCE SERVICE, INC., ACADIAN AMBULANCE AND AIR MED SERVICES, INC., WOMEN'S AND CHILDREN'S HOSPITAL, INC. D/B/A WOMEN'S AND CHILDREN'S HOSPITAL OF LAKE CHARLES**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2003-3710
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Oswald A. Decuir, Glenn B. Gremillion, J. David Painter, and James T. Genovese, Judges.

**REVERSED AND REMANDED.**

**Gremillion, J., dissents with written reasons.**
**Decuir, J., dissents for reasons assigned by Judge Gremillion.**

**L. Paul Foreman**
**Raggio, Cappel, Chozen & Bernard**
**P.O. Box 820**
**Lake Charles, LA 70602**
**Counsel for Defendant-Appellant**
  **Robert Dale Bernauer, M.D.**

**Eugene A. Ledet, Jr.**
**Rivers, Beck & Dalrymple**
**P.O. Drawer 12850**
**Alexandria, LA 71315-2850**
**Counsel for Plaintiff-Appellee:**
  **James Cryar**

**Benjamin W. Mount**
**Bergstedt & Mount**

1011 Lakeshore Dr., 2nd Fl.
Lake Charles, LA  70601
Counsel for Defendant-Appellee
     Women's & Children's Hospital, L.L.C.

Benjamin J. Guilbeau
Stockwell, Sievert, Viccellio, Clements & Shaddock, L.L.P.
P.O. Box 2900
Lake Charles, LA  70602
Counsel for Defendants-Appellees
     Acadian Ambulance Services, Inc. and Acadian Ambulance and
     AirMed Services

PAINTER, Judge.

The Defendant, Dr. Robert Dale Bernauer, appeals the trial court's judgment granting summary judgment in favor of his co-defendants, Acadian Ambulance Services, Inc. and Acadian Ambulance and Air Med Services, Inc. ("Acadian Ambulance" collectively), and Women's & Children's Hospital, L.L.C. ("Women's"). We reverse the trial court.

FACTS AND PROCEDURAL HISTORY

Gaye Cryar fell in her home and injured her left hip on March 14, 2000. She went to DeRidder Memorial Hospital in DeRidder, Louisiana. She was transferred to Women's in Lake Charles, Louisiana, where Dr. Bernauer performed a placement of the femoral head of the left hip on March 16, 2000. It is alleged that Mrs. Cryar's condition did not improve in spite of inpatient and outpatient rehabilitation efforts. On July 25, 2000, Dr. Bernauer performed a total left arthroplasty. Acadian Ambulance transferred her from Women's to a rehabilitation center where it was discovered that Mrs. Cryar was suffering from an acute fracture of the acetabulum and that the hip prosthesis placed by Dr. Bernauer was dislocated. On August 3, 2000, Mrs. Cryar was transferred to Methodist Hospital in Houston, Texas, allegedly because of continuing problems with the left hip. At Methodist Hospital, Dr. Michael Huo performed an exploration of Mrs. Cryar's left hip and found a number of problems including a dislocation of the arthroplasty. Mrs. Cryar underwent seven additional surgical procedures to correct her problems. She died on May 3, 2003.

The matter was submitted to a medical review panel. The panel delivered its opinion on June 9, 2003, unanimously finding, in pertinent part, as follows:

> There is a material issue of fact in this matter, not requiring expert opinion, bearing on liability for consideration by the court as it concerns

1

the Defendant health care providers, Dr. R. Dale Bernauer, Acadian Ambulance, Air-Med Service and Women's & Children's Hospital.

. . . .

This patient had a fractured hip, and due to her pre-existing medical problems, any procedure to repair her hip could have been fraught with complications. The choice of procedures by Dr. Bernauer was within the standard of care, however, the patient did suffer a central acetabular fracture with dislocation, post-operatively. Due to the lack of material evidence in this case, specifically the pre-operative and post-operative x-rays that apparently have been inadvertently destroyed, as well as the inadequate documentation, the reason for the development of the complication is impossible for us to determine, and therefore it is also impossible for us to determine if any deviations from the standard of care occurred.

On July 14, 2003, Mrs. Cryar's husband, James Cryar, brought this action asking for damages against Dr. Bernauer, Acadian Ambulance and Women's. Mr. Cryar alleged in his petition that Dr. Bernauer breached the standard of care in his conduct with regard to the surgeries, that Acadian Ambulance dropped Mrs. Cryar while transferring her from bed to gurney at Women's, and that Women's breached the standard of care in failing to adequately supervise the transfer from bed to gurney. He further alleges that these failures led to Mrs. Cryar's death.

Dr. Bernauer, Acadian Ambulance, and Women's filed a joint motion for summary judgment supported by the report of the medical review panel. In opposition to the motion, Mr. Cryar submitted the affidavit of Dr. David Krant, an orthopedic surgeon, who opined that Dr. Bernauer deviated from the standard of care. The Plaintiff opposed only Dr. Bernauer's motion. Dr. Bernauer, however, opposed the motion for summary judgment with regard to Acadian Ambulance and Women's in order to maintain a possible defense of comparative fault. In his opposition, Dr. Bernauer asserted that material issues of fact remained as to where, when, and how Mrs. Cryar sustained the fractures which led to the additional surgeries and treatment.

2

Women's responded by asserting that Dr. Bernauer failed to produce any evidence to show that it caused the subsequent fracture and that, as a result, no genuine issue of material fact existed as to them.

After a hearing, the trial court granted summary judgment in favor of Women's and Acadian Ambulance and denied Dr. Bernauer's motion. After an additional hearing, the trial court concluded that there was no reason to delay an appeal of the judgment and, the court designated the judgment as final and appealable. Dr. Bernauer appeals asserting that a genuine issue of fact remains as to the existence of fault on the part of Acadian Ambulance and Women's.

DISCUSSION

It is well settled that appellate courts consider summary judgments *de novo* using the same criteria as the trial court and giving no deference to the trial court's determinations. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La.7/5/94), 639 So.2d 730.

The moving party is entitled to summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with supporting affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Additionally, thereafter, "if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." La.Code Civ.P. art. 966(C)(2).

The Defendant's joint motion for summary judgment was supported by affidavits from the doctors who served on the medical review panel and the opinion of the panel. Mr. Cryar supported his opposition to Dr. Bernauer's motion with the

3

affidavit of Dr. Krant, in which he opined that Dr. Bernauer breached the standard of care in several respects, including: failing to note and prepare for abnormality of the acetabular bone possibly related to steroid caused osteoporosis, not recognizing instability of the acetabulum, not matching the femoral stem size to the femoral canal size closely, not testing the stability of the femoral component at the time of the revision, and failing to take a culture prior to the second procedure to determine if an infection was present.

In opposition to the motion for summary judgment, Dr. Bernauer filed his own affidavit in which he outlined his care of Mrs. Cryar, noted that prior to the discharge on July 28, 2000, she was being assisted out of and back into bed and undergoing some physical therapy as well as using a bedside commode without substantial difficulty, and averred that the fracture did not exist at the time Mrs. Cryar left his care. Attached as an exhibit to his affidavit is the radiological report which relates no fracture of the acetabulum. He further noted, and attached as an exhibit, a progress note from the rehabilitation facility's record which memorializes a complaint by Mrs. Cryar that she had been roughly transferred from bed to stretcher, that she landed on her left hip, and that, from that time, she had complaints of increased pain and the feeling that "bones are moving around inside" with attempted weight bearing. Women's responded to Dr. Bernauer's opposition by filing a memorandum supported by the affidavit of Carolyn Sylvester, who was the floor nurse assigned to Mrs. Cryar at Women's on the date she was transferred to the rehabilitation facility. Ms. Sylvester stated that she was "not aware of an alleged incident occurring during the transfer from the hospital bed to the stretcher."

The Louisiana Supreme court recently set out guidelines for determining the existence of a genuine issue of material fact.

4

> In determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony or weigh evidence. A fact is "material" if it is one that would matter at trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of trial on the merits.

*Suire v. Lafayette City-Parish Consol. Govt.*, 04-1459, p. 11 (La. 4/12/05), 907 So.2d 37, 48 (citations omitted).

Examining the evidence in support of Dr. Bernauer's opposition in light of this directive, we note that, in spite of the fact that the actual x-ray is missing, the record contains the radiologist's report of his analysis of the x-ray, which was made shortly after the x-ray was taken. The report contains no reference to the existence of a fracture, which is sufficient to raise a question as to whether one existed at that time. Taken in conjunction with the progress note from a facility not implicated in any of Mrs. Cryar's problems which shows increasing complaints after the patient reported a rough transfer from bed to stretcher at Women's, this evidence is sufficient to raise a material issue of fact as to how, when, and where the fracture occurred, as well as to the possible fault of Women's and Acadian Ambulance. Accordingly, we find that the trial court erred in granting summary judgment in favor of Women's and Acadian Ambulance.

## CONCLUSION

The judgment of the trial court granting summary judgment in favor of Women's and Acadian Ambulance is reversed, and the case is remanded for further proceedings. Costs of appeal are to be assessed equally to Women's and Acadian Ambulance.

REVERSED AND REMANDED.

# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

## NO. 05-426

JAMES CRYAR

VERSUS

**ROBERT DALE BERNAUER, M.D.**

GREMILLION, J., dissents with written reasons.

My colleagues on the majority correctly and succinctly set forth our standard of review of summary judgments. In order to show that either Acadian Ambulance or Women's bears a portion of the fault for the ensuing hip injuries, Dr. Bernauer must produce evidence to show that he will be able to prove the essential elements of causation. In my opinion, Dr. Bernauer cannot produce any evidence to suggest that he will be able to meet his evidentiary burden at trial, and no genuine issues of material fact exist in this case.

Women's and Acadian Ambulance both argued at the hearing that Dr. Bernauer failed to produce any evidence showing that there was any material issues of fact as to whether either of them caused Mrs. Cryar's hip fracture. They urge that the only evidence creating a material issue of fact is the affidavit of Dr. Krant, which leads solely back to Dr. Bernauer.[1] I agree.

---

[1] At the hearing only the childrens' attorney was present–they did not sue Women's or Acadian Ambulance. Mr. Cryar's attorney was not present and did not oppose the motion in favor of Women's and Acadian Ambulance.

1

There is insufficient evidence in the record to suggest that Dr. Bernauer will be able to meet his evidentiary burden of proving that either Acadian Ambulance or Women's was the cause of the subsequent fracture. Other than his testimony that Mrs. Cryar was fine when she left his care, Dr. Bernauer can only produce a note on the rehabilitation center's progress record that Mrs. Cryar reported to Dr. Wilson that she was "roughly transferred from litter to bed landing on [left] hip." Even though Dr. Krant's affidavit found numerous deficiencies in Dr. Bernauer's care, the affidavit did mention Dr. Wilson's notation but ultimately found that "[t]here is no direct evidence to suggest that the transfer of Ms. Cryar by ambulance was the direct cause of the hip displacement. As I have mentioned, the hip was bound to fall apart in a short time anyway." The medical review panel opinion clearly states that it cannot be determined what caused the subsequent fractures due to the destruction of the x-rays.

Dr. Bernauer cites *Hornage v. Cleco Power, L.L.C.*, 04-1492 (La.App. 3 Cir. 4/6/05), 899 So.2d 153, a recent case rendered by this court. In *Hornage,* one of the defendants filed a motion for summary judgment, which was granted. However, the defendant did not request notice to the co-defendants of the hearing, thus, the co-defendants were unable to oppose the motion or appeal a ruling dismissing the defendant from the suit. We mentioned that if a co-defendant's conduct may directly affect the outcome of the litigation, then summary judgment is inappropriate and the conduct of all co-defendants should be considered. This holding is not inconsistent with the granting of summary judgment in this case. There were no procedural defects preventing Dr. Bernauer from exercising his right to

2

oppose the motion and now appeal the grant of that motion. Moreover, Dr. Bernauer had sufficient opportunity to present evidence proving that either Acadian Ambulance or Women's caused Mrs. Cryar's subsequent injuries. The notation on the rehabilitation center's progress record is insufficient to show that he will be able to satisfy this burden of proof. In my opinion, there are no material issues of fact surrounding the transfer of Mrs. Cryar. Accordingly, I respectfully dissent from the majority opinion and would affirm the trial court's grant of a motion for summary judgment.

3