GREMILLION, J.,
dissents with written reasons.
_JjMy colleagues on the majority correctly and succinctly set forth our standard of review of summary judgments. In order to show that either Acadian Ambulance or Women’s bears a portion of the fault for the ensuing hip injuries, Dr. Bernauer must produce evidence to show that he will be able to prove the essential elements of causation. In my opinion, Dr. Bernauer cannot produce any evidence to suggest that he will be able to meet his evidentiary burden at trial, and no genuine issues of material fact exist in this case.
Women’s and Acadian Ambulance both argued at the hearing that Dr. Bernauer failed to produce any evidence showing that there was any material issues of fact as to whether either of them caused Mrs. Cryar’s hip fracture. They urge that the only evidence creating a material issue of fact is the affidavit of Dr. Krant, which leads solely back to Dr. Bernauer.[1] I agree.
| ¡(There is insufficient evidence in the record to suggest that Dr. Bernauer will be able to meet his evidentiary burden of proving that either Acadian Ambulance or Women’s was the cause of the subsequent fracture. Other than his testimony that *506 Mrs. Cryar was fine when she left his care, Dr. Bernauer can only produce a note on the rehabilitation center’s progress record that Mrs. Cryar reported to Dr. Wilson that she was “roughly transferred from litter to bed landing on [left] hip.” Even though Dr. Krant’s affidavit found numerous deficiencies in Dr. Bernauer’s care, the affidavit did mention Dr. Wilson’s notation but ultimately found that “[tjhere is no direct evidence to suggest that the transfer of Ms. Cryar by ambulance was the direct cause of the hip displacement. As I have mentioned, the hip was bound to fall apart in a short time anyway.” The medical review panel opinion clearly states that it cannot be determined what caused the subsequent fractures due to the destruction of the x-rays.
Dr. Bernauer cites Homage v. Cleco Power, L.L.C., 04-1492 (La.App. 3 Cm. 4/6/05), 899 So.2d 153, a recent case rendered by this court. In Homage, one of the defendants filed a motion for summary judgment, which was granted. However, the defendant did not request notice to the co-defendants of the hearing, thus, the co-defendants were unable to oppose the motion or appeal a ruling dismissing the defendant from the suit. We mentioned that if a co-defendant’s conduct may directly affect the outcome of the litigation, then summary judgment is inappropriate and the conduct of all co-defendants should be considered. This holding is not inconsistent with the granting of summary judgment in this case. There were no procedural defects preventing Dr. Bernauer from exercising his right to Uoppose the motion and now appeal the grant of that motion. Moreover, Dr. Bernauer had sufficient opportunity to present evidence proving that either Acadian Ambulance or Women’s caused Mrs. Cryar’s subsequent injuries. The notation on the rehabilitation center’s progress record is insufficient to show that he will be able to satisfy this burden of proof. In my opinion, there are no material issues of fact surrounding the transfer of Mrs. Cryar. Accordingly, I respectfully dissent from the majority opinion and would affirm the trial court’s grant of a motion for summary judgment.

. At the hearing only the childrens' attorney was present-they did not sue Women's or Acadian Ambulance. Mr. Cryar’s' attorney was not present and did not oppose the motion in favor of Women’s and Acadian Ambulance.