# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 06-321

THEODORE MAGNON, SR., ET AL.

VERSUS

CHARLENE MILLER, ET AL.

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 81991 F
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and J. David Painter, Judges.

**VACATED AND REMANDED**.

Edward B. Broussard
Judge, Abbeville City Court
P. O. Box 251
Abbeville, LA 70511-0251
Telephone: (337) 893-1513
COUNSEL FOR:
Plaintiffs/Appellees - Theodore Magnon, Sr. and Judy Magnon

James Isaac Funderburk
Funderburk & Herpin
P. O. Drawer 1030
Abbeville, LA 70511-1030
Telephone: (337) 893-8140
COUNSEL FOR:
Defendant/Appellant - Charlene Miller

**Walter Kay Jamison, III**
**Daigle, Crawford & Jamison, LLC**
**P. O. Box 3667**
**Lafayette, LA 70502-3667**
**Telephone:  (337) 234-7000**
**COUNSEL FOR:**
  **Defendant/Appellee - New Hampshire Indemnity Insurance Company**

**Kraig Thomas Strenge**
**P.O. Box 52292**
**Lafayette, LA 70502-2292**
**Telephone:  (337) 261-9722**
**COUNSEL FOR:**
  **Defendant/Appellant - Charlene Miller**

**Ray F. Lucas, III**
**315 South College Road - Suite 239**
**Lafayette, LA 70503**
**Telephone:  (337) 235-5625**
**COUNSEL FOR:**
  **Defendant/Appellee - Western Heritage Insurance Company**

THIBODEAUX, Chief Judge.

Defendant/Appellant, Charlene Miller (Ms. Miller), appeals from the judgment of the trial court granting New Hampshire Indemnity Insurance Company's (New Hampshire) summary judgment motion which dismissed New Hampshire as a co-defendant in the underlying civil action. Because Ms. Miller filed a written request for notice of date of trial pursuant to La.Code Civ.P. art. 1572, and because she was not served with New Hampshire's motion nor the order setting a hearing date on that motion, we vacate the judgment of the trial court granting New Hampshire's motion for summary judgment. We remand to the trial court.

## I.

## ISSUE

Under La.Code Civ.P. art. 1572, was service of New Hampshire's motion for summary judgment and the order setting a hearing date on that motion required to be served on Ms. Miller because she requested written notice of the date of trial such that the judgment granting New Hampshire's motion for summary judgment must be vacated and remanded?

## II.

## FACTS

On August 16, 2003, an automobile accident occurred involving a vehicle owned and driven by Theodore Magnon, Sr., and one owned by Edward Miller, Jr., that was being driven by his wife Charlene Miller. On August 4, 2004, Mr. Magnon and his wife (the Magnons) filed a suit for damages naming as defendants Ms. Miller, the Magnons' own uninsured motorist insurance carrier, Western Heritage Insurance Company (Western), and Ms. Miller's alleged liability carrier, New Hampshire.

All of the defendants filed answers to the Magnons' initial petition. In all of those initial answers, each defendant explicitly requested written notice of any trial or hearing date regarding the case at least ten days prior to any trial or hearing as required by La.Code Civ.P. art. 1572. Western was dismissed from the case via a stipulation between the parties when the Magnons discovered that the insurance policy that formed the basis of their claim against Western was not in effect at the time of the accident. New Hampshire filed a motion for summary judgment claiming that Ms. Miller was specifically excluded from coverage by virtue of a named driver exclusion. New Hampshire asked the clerk of court to serve only the Magnons through their attorney of record. In that same petition, New Hampshire's lawyers signed a certified statement asserting that a copy of the petition had been mailed to all counsel of record via the U.S. mail.

The Magnons opposed New Hampshire's motion. Only the Magnons were sent an official notice of the January 24, 2005 hearing date by the clerk of court as per New Hampshire's instruction. On January 24, 2005, the Magnons' attorney was the only party to the case physically present in court. Their attorney told the judge that the Magnons and New Hampshire had agreed to submit the issue to the court via memoranda, thus negating the need for a hearing. On March 12, 2005, a judgment was signed granting New Hampshire summary judgment, thereby dismissing it from the case. Notice of the signing of the judgment was mailed to all parties of record including Ms. Miller on November 15, 2005.

III.

## LAW AND DISCUSSION

### Standard of Review

Appellate courts review a trial court's grant of summary judgment using the *de novo* standard of review. *Suire v. Lafayette City-Parish Consol. Gov't*, 04-1459, 04-1460, 04-1466 (La. 4/12/05), 907 So.2d 37. An appellate court must review the record in its entirety and apply the same standards as the trial court. *Champagne v. Ward*, 03-3211 (La. 1/19/05), 893 So.2d 773.

While the mover may be entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law," there are also procedural requirements which must be met before summary judgment may be granted. La.Code Civ.P. art. 966(B). "However, in addition to proof that the mover is entitled to judgment under the substantive law, 'courts have consistently found that the mover must also show that he has secured the judgment in accordance with the procedural law in order to have the summary judgment upheld on appeal.'" *Hornage v. CLECO Power, L.L.C.*, 04-1492, pp. 2-3 (La.App. 3 Cir. 4/6/05), 899 So.2d 153, 155 (quoting *Macaluso v. Macaluso*, 99-935, p. 5 (La.App. 1 Cir. 5/12/00), 762 So.2d 180, 183). In *Hornage*, this court reversed summary judgment granted on behalf of one defendant because the other co-defendants had not been notified of the filing of, nor did they attend the hearing on, the motion for summary judgment, even though they had requested notice of trial pursuant to La.Code Civ.P. art. 1572. As in this case, the defendant seeking summary judgment in *Hornage* requested service of its motion only on the plaintiff.

3

Included in the procedural requirements is service of a motion for summary judgment at least fifteen days prior to the hearing date on the motion. La.Code Civ.P. art. 966(B); *Chaney v. Coastal Cargo, Inc.,* 98-1902, p. 4 (La.App. 4 Cir. 1/20/99), 730 So.2d 971. This is to ensure that all parties have an opportunity to be heard on the motion, and that each individual party can offer its own opposition to that motion. *Hornage*, 899 So.2d 153. "Moreover, procedural due process requires an opportunity to be heard, in addition to notice of the pendency of an action, and in conjunction therewith, adequate notice of the hearing is fundamental." *Lassere v. State, Dep't of Health & Hosps., Office of Pub. Health*, 00-306, p. 4 (La.App. 1 Cir. 3/28/01), 808 So.2d 513, 516.

Ms. Miller took the extra step to ensure that she would be formally informed of all trial dates set in this case in her answer to the Magnons' petition for damages. She filed a Request for Notice of Trial Date with the trial court on November 3, 2004, specifically invoking her right to receive written notice of the date of any trials set in the case from the Vermilion Parish Clerk of Court. Louisiana Code of Civil Procedure Article 1572 specifically instructs:

> The clerk shall give written notice of the date of the trial whenever a written request therefor is filed in the record or is made by registered mail by a party or counsel of record. This notice shall be mailed by the clerk, by certified mail, properly stamped and addressed, at least ten days before the date fixed for the trial. The provisions of this article may be waived by all counsel of record at a pre-trial conference.

There is nothing in the record to suggest that Ms. Miller waived her right to receive formal service of trial or hearing dates in this case.

"Additionally, this court has previously recognized that a motion for summary judgment determining liability should consider the conduct of all defendants." *Hornage*, 899 So.2d at 156. Furthermore, New Hampshire's argument

that Ms. Miller should not succeed in this appeal because the pleadings and discovery show that it is entitled to judgment as a matter of law is fallacious. Ms. Miller was not given the opportunity to prepare for and participate in the proceedings on New Hampshire's motion. Therefore, it cannot be argued that the Magnons represented the interest of Ms. Miller in their memorandum in opposition to New Hampshire's motion. Ms. Miller has her own specific interest in ensuring that New Hampshire remained a party to the case. Not only would New Hampshire possibly share some of the fault and ensuing liability for the damages alleged by the Magnons, but also if New Hampshire remained as a party to the case it would have an ongoing duty to defend Ms. Miller in the underlying action. Moreover, New Hampshire cannot say that Ms. Miller would not have succeeded in meeting her burden of proof and showing that there remains an issue of material fact thereby defeating New Hampshire's motion because she was not given the opportunity to participate in that debate.

Consequently, we vacate the grant of summary judgment on New Hampshire's motion because the process for granting that motion was procedurally flawed. "Even if the co-defendants were not considered to be 'adverse part[ies]' under La.Code Civ.P. art. 966(B), entitling them to service of the motion and supporting affidavits at least fifteen days before the hearing, they were at least entitled to notice of the hearing date under La.Code Civ.P. arts. 1571 and 1572." *Hornage*, 899 So.2d at 156.

New Hampshire also argues that Ms. Miller cannot succeed in this appeal because re-litigating its summary judgment motion is barred by *res judicata*. While we disagree with New Hampshire that Ms. Miller and the Magnons were successors in interest, we do not reach the merits of this argument. Louisiana Code

5

of Civil Procedure Article 927(B) states that since this issue was not specially pleaded by New Hampshire, but merely raised in its reply brief, this court cannot supply the objection of res judicata.[1]

IV.

**CONCLUSION**

Louisiana Code of Civil Procedure Article 966(B) states the substantive and procedural requirements for granting a party's motion for summary judgment. Additionally, La.Code Civ.P. art. 1572 requires that the clerk of court shall give written notice of the date of trial whenever a written request for such notice is filed in the record of a case. Ms. Miller made a written request pursuant to La.Code Civ.P. art. 1572 for notice of any and all trial and hearing dates in this case and filed her request with the Vermilion Parish Clerk of Court. Because she did not receive written notice of the trial date for New Hampshire's summary judgment motion, the judgment of the trial court granting that motion is vacated, and the case is remanded for further proceedings consistent with this opinion. All costs of this appeal are assessed to New Hampshire.

**VACATED AND REMANDED**.

---

[1]"The court cannot supply the objections of prescription and res judicata, which must be specially pleaded." La.Code Civ.P. art. 927(B).