# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-764


**ALLEN DEHART, ET AL.**

**VERSUS**

**BRUCE A. JONES, M.D., ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2012-3593, DIVISION "I"
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and John E. Conery, Judges.

**VACATED; MOTION TO STRIKE GRANTED;
REMANDED.**


**Michael Wayne Adley**
**Marc W. Judice**
**Judice and Adley**
**P. O. Drawer 51769**
**Lafayette, LA 70505-1769**
**Telephone: (337) 235-2405**
**COUNSEL FOR:**
     **Defendant/Appellee - Todd C. Ackal, M.D.**

**Alan K. Breaud**
**Breaud & Meyers**
**P. O. Drawer 3448**
**Lafayette, LA 70502**
**Telephone: (337) 266-2200**
**COUNSEL FOR:**
     **Defendant/Appellee - Bruce A. Jones, M.D.**

**James Calvin Young**
**Law Offices of Sheryl Story**
**S. Micholle Mordock**
**One Galleria Boulevard - Suite 1500**
**Metairie, LA 70001-7551**
**Telephone:  (504) 841-5137**
**COUNSEL FOR:**
    **Defendant/Appellee - Christopher Dunn**

**Samuel David Abraham**
**5040 Ambassador Caffery Parkway**
**Lafayette, LA 70508**
**Telephone:  (337) 234-4524**
**COUNSEL FOR:**
    **Plaintiffs/Appellants - Allen DeHart, Adrienne DeHart, Ashley DeHart, and Anissa DeHart**

**Nicholas Gachassin, III**
**Brandon M. Rhodes**
**Julie Savoy**
**Gachassin Law Firm**
**P. O. Box 80369**
**Lafayette, LA 70598-0369**
**Telephone:  (337) 235-4576**
**COUNSEL FOR:**
    **Defendants/Appellees - Lafayette General Medical Center and Amy Falconer**

**THIBODEAUX, Chief Judge.**

Plaintiffs Allen, Adrienne, Ashley, and Anissa DeHart appeal from the judgment of the trial court granting Lafayette General Medical Center's (LGMC) and Amy Falconer's motions for partial summary judgment, which dismissed both defendants in the underlying civil action. Because Plaintiffs were not served with notice of the hearing date thirty days prior to the hearing as mandated by La.Code Civ.P. art. 966(C)(1)(b), we vacate the judgment of the trial court granting LGMC's and Ms. Falconer's motions for partial summary judgment. In light of the procedural defect, we further grant Plaintiffs' motion to strike, without prejudice, both partial summary judgment motions and remand this matter to the trial court.

I.

**ISSUES**

Plaintiffs raise the following issues for review:

(1)     whether Louisiana Code of Civil Procedure, Art. 966 C. (1) (b) precluded the trial court from hearing Motions for Partial Summary Judgment on June 18th, 2018, or continuing the hearing until June 27th, 2018 giving 9 days actual notice of the hearing;

(2)     whether the trial court erred in not allowing into evidence filings by Plaintiffs/Appellants in support of the Oppositions to the Motions for Summary Judgments; and

(3)     whether the trial court erred in granting Motions for Summary Judgment when genuine issues of material fact existed.

## II.

## FACTS AND PROCEDURAL HISTORY

This medical malpractice action arises out of surgical complications during a robotically-assisted heart valve repair surgery performed on Arlene DeHart by Dr. Bruce Jones at LGMC. Ms. Falconer acted as perfusionist. During the procedure, Mrs. DeHart bled profusely from her femoral artery. Plaintiffs, Mrs. DeHart's husband and children, alleged this excessive bleeding and inadequate perfusion flow led to the eventual failure of Mrs. DeHart's kidneys, which contributed to her death within a month of surgery on October 27, 2008. After timely submitting the matter to a medical review panel, Plaintiffs filed suit on June 26, 2012, against LGMC and Ms. Falconer, among other defendants.

As to LGMC and Ms. Falconer, Plaintiffs alleged that the surgical staff breached the applicable standard of care in failing to communicate to Dr. Jones the source, extent, significance, and magnitude of the bleed and its adverse impact on Mrs. DeHart's hemodynamics. Plaintiffs further alleged that LGMC was negligent in its advertising and marketing of the robotic surgery and in obtaining Mrs. DeHart's informed consent for the procedure.

On May 15, 2018, LGMC and Ms. Falconer filed their motion for partial summary judgment on the ground that Plaintiffs could not carry their burden of proof as to breach or causation in their claims regarding the bleeding issue. LGMC and Ms. Falconer then filed a second motion for partial summary judgment on May 23, 2018, arguing that Plaintiffs could not carry their burden of proof as to duty or causation relating to their negligent advertising/informed consent claims. Both motions were set for hearing on June 18, 2018. The Lafayette Parish Sheriff's Office served Plaintiffs with notice of the June 18, 2018 hearing date on May 29,

2

2018. Thereafter on June 1, 2018, Plaintiffs filed a motion to strike both motions because they were not served with notice of the court date thirty days before the hearing as mandated by La.Code Civ.P. art. 966(C)(1)(b). On June 18, 2018, the trial court denied the motion to strike and continued the hearing on the partial summary judgment motions to June 27, 2018. In response, Plaintiffs filed another motion to strike, again for lack of timely notice of the hearing date. The trial court denied the motion to strike and ultimately granted LGMC's and Ms. Falconer's motions, dismissing them "entirely from this lawsuit with prejudice on summary judgment."

## III.

## **STANDARD OF REVIEW**

An appellate court reviews a motion for summary judgment de novo, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880. Therefore, just like the trial court, we are tasked with determining whether "the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

Moreover, "[t]o uphold a summary judgment on appeal, the record must reflect the mover secured the judgment in accordance with the procedure mandated by Louisiana Code of Civil Procedure article 966." *Acadian Props. Northshore, L.L.C. v. Fitzmorris*, 17-424, p. 9 (La.App. 1 Cir. 11/1/17), 234 So.3d 927, 934. Accordingly, we must also ensure that all the procedural requirements have been met. *Magnon v. Miller*, 06-321 (La.App. 3 Cir. 9/27/06), 939 So.2d 658.

IV.

## LAW AND DISCUSSION

Louisiana Code of Civil Procedure Article 966 sets forth the substantive and procedural requirements for properly attaining summary judgment. Relevant herein, La.Code Civ.P. art. 966(C) provides:

> C. (1) Unless otherwise agreed to by all of the parties and the court:
>
> (a) A contradictory hearing on the motion for summary judgment shall be set not less than thirty days after the filing and not less than thirty days prior to the trial date.
>
> (b) Notice of the hearing date shall be served on all parties in accordance with Article 1313(C) or 1314 not less than thirty days prior to the hearing.

Added by 2015 La. Acts No. 422, § 1, this provision requires that, unless the parties and court agree otherwise: (1) a motion for summary judgment *shall* be set for hearing at least thirty days after filing; (2) notice of the date of the hearing *shall* be served in accordance with La.Code Civ.P. arts. 1313(C) (by certified mail or commercial courier) or 1314 (by the sheriff) at least thirty days before the hearing; and (3) the hearing on the motion *shall* be set at least thirty days prior to the trial date. Through the use of the term "shall," the legislature rendered all of these temporal prerequisites mandatory, except upon the agreement of the court and all the parties. La.R.S. 1:3 ("The word 'shall' is mandatory[.]"). "Moreover, procedural due process requires an opportunity to be heard, in addition to notice of the pendency of an action, and in conjunction therewith, adequate notice of the hearing is fundamental." *Lassere v. State, Dep't of Health & Hosps., Office of Pub. Health*, 00-306, p. 4 (La.App. 1 Cir. 3/28/01), 808 So.2d 513, 516.

4

Given the most recent legislative pronouncement and the fundamental principles of procedural due process, it logically follows that "[t]he district court cannot unilaterally dispense with the pre-hearing notice required by Article 966C. Absent a waiver, if the required notice is not provided, the district court is procedurally barred from acting on the motion for summary judgment." *Acadian Props. Northshore, L.L.C.*, 234 So.3d at 934.

In the present case, neither the parties nor the court dispute that the notices of the June 18, 2018 hearing for both motions were not served in accordance with the thirty-day prerequisite set forth in La.Code Civ.P. art. 966(C)(1)(b). As the record shows, Plaintiffs were served with the notices on May 29, 2018, only twenty days prior to the June 18, 2018 hearing. Plaintiffs received notice of the reset hearing date of June 27, 2018, during the June 18, 2018 hearing, just nine days before the June 27, 2018 hearing.

Although it continued the June 18, 2018 hearing in an effort to comply with the notice requirements, the trial court could not dispense with the mandatory pre-hearing notice without the consent of all the parties.[1] Plaintiffs' motions to strike and their objections of record to resetting the hearing less than thirty days prior thereto are evidence of their lack of consent. In the absence of Plaintiffs' waiver of notice or consent to the continuance, the trial court was, therefore, procedurally barred from acting on the motions.

---

[1]The trial court considered non-compliance with the thirty-day rule of La.Code Civ.P. art. 966(C)(1)(b) as "good cause shown" to continue the hearing. However, La.Code Civ.P. art. 966(C)(2) presupposes, in our view, prior and valid compliance with La.Code Civ.P. art. 966(C)(1)(b). Here, that was not done. The application of "good cause shown" would render nugatory the mandatory compliance with the thirty-day service requirement and is too susceptible of arbitrary application by different trial courts.

Because both motions for partial summary judgment were granted without the thirty-day notice required by La.Code Civ.P. art. 966(C)(1)(b), we vacate the judgment of the trial court granting the motions. Moreover, because both motions were procedurally flawed in that Plaintiffs were not served with notice of the hearing date thirty days prior thereto, we, in the interest of justice, grant Plaintiffs' motion to strike both motions from the record without prejudice to any of the parties. Uniform Rules—Courts of Appeal, Rule 1-3; La.Code Civ.P. art. 2164. In light of this holding, all remaining assignments of error are pretermitted.

V.

## **CONCLUSION**

For the foregoing reasons, the judgment of the trial court is vacated. The motion to strike filed on behalf of Plaintiffs/Appellants is hereby granted, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

Costs of this appeal are assessed to the Defendants/Appellees.

**VACATED; MOTION TO STRIKE GRANTED; REMANDED.**