# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 21-611


MARTHA HOLLEMAN,
INDIVIDUALLY AND MIKE
HOLLEMAN, INDIVIDUALLY

VERSUS

GOLDEN NUGGET LAKE
CHARLES, LLC, ET AL.


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2016-2171
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**********

**JONATHAN W. PERRY**
**JUDGE**

**********

Court composed of John E. Conery, Jonathan W. Perry, and J. Larry Vidrine*, Judges.


**VACATED; MOTION TO STRIKE GRANTED;**
**REMANDED.**

_____

*Honorable J. Larry Vidrine participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Kevin L. Camel**
**Cox Cox Filo Camel & Wilson, LLC**
**723 Broad Street**
**Lake Charles, Louisiana  70601**
**(337) 436-6611**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
     **Martha and Mike Holleman**


**Taylor S. Carroll**
**Williams Anderson Ryan & Carroll, L.L.P.**
**9421 Bluebonnet Blvd., Suite A**
**Baton Rouge, Louisiana  70810**
**(225) 412-7121**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Bergman Walls & Associates**

**PERRY, Judge.**

Plaintiffs/Appellants, Martha and Mike Holleman, appeal the trial court's grant of summary judgment in favor of Defendant/Appellee, Bergman Walls & Associates. For the following reasons, we vacate the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

In July 2015, Martha Holleman allegedly sustained injuries after slipping and falling near the pool at the Golden Nugget Casino in Lake Charles, Louisiana. In addition to the casino, Plaintiffs sued Bergman Walls & Associates (Bergman) as the architect of record for the design of the casino.[1]

On March 19, 2021, Bergman filed a motion for summary judgment on the ground that Plaintiffs could not carry their burden of proof as to liability. The motion was set for hearing on April 23, 2021. Plaintiffs were served with notice of the April 23, 2021, hearing date on April 6, 2021. Thereafter, on April 8, 2021, Plaintiffs filed a motion to strike because they were not served with notice of the court date thirty days before the hearing on Bergman's motion for summary judgment as mandated by La.Code Civ.P. art. 966(C)(1)(b).[2]

On April 23, 2021, the trial court denied Plaintiffs' motion to strike and granted Bergman's motion for summary judgment, dismissing Plaintiffs' claims against Bergman with prejudice. The judgment of the trial court was signed on May 1, 2021. Plaintiffs appealed, arguing the trial court erred in failing to apply the mandatory timing provisions of La.Code Civ.P. art. 966 and Bergman failed to meet its burden of proof that its landscape architect was an independent contractor.

---

[1] Plaintiffs settled their claims against the casino, leaving only Bergman as a defendant herein.

[2] Plaintiffs also filed an opposition to Bergman's motion for summary judgment.

## STANDARD OF REVIEW

Appellate courts review motions for summary judgment de novo, using the same criteria as the trial court to determine whether summary judgment is appropriate. *Dunn v. City of Kenner*, 15-1175 (La. 1/27/16), 187 So.3d 404. Pursuant to La.Code Civ.P. art. 966(A)(3), a court will grant a motion for summary judgment "if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." *See also Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880.

Also, in *Dehart v. Jones*, 18-764, p. 3 (La.App. 3 Cir. 3/27/19), 269 So.3d 801, 804, this court noted:

> "[T]o uphold a summary judgment on appeal, the record must reflect the mover secured the judgment in accordance with the procedure mandated by Louisiana Code of Civil Procedure [A]rticle 966." *Acadian Props. Northshore, L.L.C. v. Fitzmorris*, 17-424, p. 9 (La.App. 1 Cir. 11/1/17), 234 So.3d 927, 934. Accordingly, we must also ensure that all the procedural requirements have been met. *Magnon v. Miller*, 06-321 (La.App. 3 Cir. 9/27/06), 939 So.2d 658.

## LAW AND DISCUSSION

Louisiana Code of Civil Procedure Article 966(C) states how notice of the summary judgment hearing must be served. The notice requirements under La.Code Civ.P. art. 966(C)(1) are fundamental to procedural due process. *See Acadian*, 234 So.3d 927. Notice under La.Code Civ.P. art. 966(C)(1) applies to both originally scheduled hearings as well as rescheduled hearings. *See Dehart*, 269 So.3d 801.

Notice of a hearing on a motion for summary judgment is discussed in La.Code Civ.P. art. 966, in relevant part, as follows:

> C. (1) Unless otherwise agreed to by all of the parties and the court:
>
> (a) A contradictory hearing on the motion for summary judgment shall not be less than thirty days after the filing and not less than thirty days prior to the trial date.

2

> (b) Notice of the hearing date shall be served on all parties in accordance with Article 1313(C) or 1314 not less than thirty days prior to the hearing.

A trial court has no discretion to allow a hearing to proceed in violation of the notice requirement set forth in La.Code Civ.P. 966(C)(1)(b) unless agreed to by the parties. *Broussard v. Gulfport Energy Corp.*, 18-838 (La.App. 3 Cir. 6/5/19), 274 So.3d 175. *See also Lewis v. Old Republic Ins. Co.*, 17-456 (La.App. 3 Cir. 8/23/17), 226 So.3d 557.

Plaintiffs were not served notice of the hearing on Bergman's motion for summary judgment thirty days prior thereto and the record reflects Plaintiffs clearly did not agree to waive the thirty-day notice requirement provided in La.Code Civ.P. art. 966(C)(1)(b). We find the trial court legally erred in denying Plaintiffs' motion to strike and granting Bergman's motion for summary judgment. Accordingly, we vacate the judgment of the trial court granting Bergman's motion for summary judgment. Further, we grant Plaintiffs' motion to strike Bergman's motion for summary judgment from the record without prejudice. Uniform Rules—Courts of Appeal, Rule 1–3; La.Code Civ.P. art. 2164. *See also Dehart*, 269 So.3d 801. In light of this holding, we will not consider Plaintiffs' second assignment of error.

## DECREE

For the foregoing reasons, the judgment of the trial court is vacated. The motion to strike filed by Plaintiffs is hereby granted, and this matter is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed to Defendant/Appellee, Bergman Walls & Associates.

**VACATED; MOTION TO STRIKE GRANTED; REMANDED.**