# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-456

LIONEL LEWIS

VERSUS

OLD REPUBLIC INSURANCE COMPANY,

ET AL.

**********

SUPERVISORY WRIT FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2014-4270
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

**********

**SHANNON J. GREMILLION**
**JUDGE**

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**REVERSED AND RENDERED.**

**Bret Christopher Beyer, Sr.**
**Attorney at Law**
**P. O. Box 53006**
**Lafayette, LA 70505**
**(337) 232-9733**
**COUNSEL FOR DEFENDANTS/RESPONDENTS:**
 **Old Republic Insurance Company**
 **BFI Waste Services, LLC**
 **Dustin Mason**

**Keith P. Saltzman**
**Anderson & Dozier**
**P. O. Box 82008**
**Lafayette, LA 70598-2008**
**(337) 233-3366**
**COUNSEL FOR PLAINTIFF/RELATOR:**
 **Lionel Lewis**

**GREMILLION, Judge.**

From the denial of his motion for summary judgment on the issue of liability, Plaintiff/Relator, Mr. Lionel Lewis, has applied to this court for supervisory relief. We granted Relator's application. For the reasons that follow, we reverse and render judgment in favor of Relator.

## PROCEDURAL HISTORY

This case arises from a motor vehicle accident that occurred on September 10, 2013, in Lafayette Parish. Mr. Lewis was operating a tractor trailer in the course of his employment with Reinhart Transportation. He stopped at a red traffic signal and was hit from behind by a garbage truck driven by Mr. Dustin Mason, who was employed by BFI Waste Services, L.L.C.

Mr. Lewis sued Mr. Mason, BFI Waste Services, L.L.C., and their insurer, Old Republic Insurance Company (Respondents), in August 2014. In February 2017, Mr. Lewis filed motions for summary judgment on the issues of liability and insurance coverage. The motions were set for hearing on March 27, 2017. The defendants filed their opposition to the motions on March 17, 2017, and included in their opposition an objection to the inclusion by Mr. Lewis of the Uniform Motor Vehicle Accident Report. On March 22, 2017, Relator filed a motion to strike the defendants' untimely opposition.

The trial court granted Mr. Lewis's motion for summary judgment on the issue of insurance coverage. Although the trial court stated on the record that the Respondents' late submissions were not considered, it denied Mr. Lewis's motion on the issue of liability. From the denial of this motion, Mr. Lewis sought this court's exercise of its supervisory jurisdiction, which was granted.

**ANALYSIS**

A denial of a motion for summary judgment is interlocutory, and the only remedy available is to seek supervisory relief. *Breaux v. Cozy Cottages, LLC*, 14-486 (La.App. 3 Cir. 11/12/14), 151 So.3d 183.

Motions for summary judgment are governed by La.Code Civ.P. arts. 966 and 967. These articles have been extensively amended by the legislature since 1996, when the legislature first pronounced that summary judgment procedure is favored. *See* 1996 La.Acts 1st Ex.Sess. No. 9, §1. The most recent amendment to Article 966(B) altered the deadlines for filing motions for summary judgment and oppositions thereto. 2015 La.Acts No. 422. Paragraph (B) now provides:

> Unless extended by the court and agreed to by all of the parties, a motion for summary judgment shall be filed, opposed, or replied to in accordance with the following provisions:
>
> (1) A motion for summary judgment and all documents in support of the motion shall be filed and served on all parties in accordance with Article 1313 not less than sixty-five days prior to the trial.
>
> (2) Any opposition to the motion and all documents in support of the opposition shall be filed and served in accordance with Article 1313 not less than fifteen days prior to the hearing on the motion.
>
> (3) Any reply memorandum shall be filed and served in accordance with Article 1313 not less than five days prior to the hearing on the motion. No additional documents may be filed with the reply memorandum.
>
> (4) If the deadline for filing and serving a motion, an opposition, or a reply memorandum falls on a legal holiday, the motion, opposition, or reply is timely if it is filed and served no later than the next day that is not a legal holiday.

The standard of review applicable to summary judgment is well known:

> Courts of appeal review summary judgments de novo applying the same analysis as the trial court. *Schroeder v. Bd. of Supervisors of La. State Univ.,*591 So.2d 342 (La.1991). Summary judgment is governed by La.Code Civ.P. arts. 966 and 967. Article 966 provides

2

that while the burden of proving entitlement to summary judgment rests with the mover, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's burden does not require him to negate all essential elements of the adverse party's claim, action or defense, but rather to point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. *Hardy v. Bowie,* 98–2821 (La.9/8/99), 744 So.2d 606.

*Berard v. Home State County Mut. Ins. Co.,* 11–1372, p. 2 (La.App. 3 Cir. 5/9/12), 89 So.3d 470, 471–72.

In support of his motion, Mr. Lewis attached his own affidavit, in which he attested that he was stopped at a red traffic signal and was struck from behind by a truck driven by Dustin Mason. He also attached a copy of the police accident report, which the trial court properly struck. Proving liability is Mr. Lewis's burden at trial

Respondents' opposition to the motion was untimely under La.Code Civ.P. art. 966(B)(2). They argue, though, that the trial court had discretion under the article to allow their late submission. We disagree. As amended, Article 966(B) allows a trial court to extend the deadline with the agreement of all parties. This condition clearly was not fulfilled; Relator objected to the late filing of the opposition. The trial court, therefore, had no discretion to allow this late filing. The refusal of the trial court to entertain Respondents' late filings was mandated by La.Code Civ.P. art. 966.

A motion for summary judgment can be granted on the presumption that a following motorist who strikes a leading motorist is negligent. *See, e.g., Leblanc v. Bouzon,*14-1041 (La.App. 3 Cir. 3/4/15), 159 So.3d 1144. Mr. Lewis attested that he was operating the 2006 White Freightliner vehicle owned by Reinhardt

3

Transportation north-bound on Evangeline Thruway in Lafayette and came to a stop at the red traffic signal at the intersection with Kaliste Saloom Road. He was thereafter struck from behind by a 2006 Mack 40000 driven by Mr. Mason. These facts are sufficient to invoke the presumption of fault. It thereafter falls upon Mr. Mason to exonerate himself of fault or establish facts sufficient to demonstrate comparative fault of Mr. Lewis. *Id.* Because Respondents' submissions were untimely filed and disregarded by the trial court, they failed to establish any facts that would exonerate Mr. Mason or demonstrate any fault on Mr. Lewis's part. Accordingly, the trial court erred in denying Mr. Lewis's motion for summary judgment on the issue of liability.

The judgment of the trial court is reversed, and judgment entered in favor of Mr. Lionel Lewis and against Mr. Dustin Mason, his employer, BFI Waste Services, LLC, and their liability insurer, Old Republic Insurance Company, assessing them with 100% fault in this matter. All costs of this supervisory review are taxed as costs to Respondents.

**REVERSED AND RENDERED.**