STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-838


BRADLEY BROUSSARD

VERSUS

GULFPORT ENERGY CORPORATION, ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2015-2233
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and Phyllis M. Keaty, Judges.


REVERSED.

Randall Kurt Theunissen
S. Brian Perry
Allen & Gooch
Post Office Box 81129
Lafayette, Louisiana 70598-1129
(337) 291-1000
Counsel for Defendants/Appellees:
 Wet Tech Lighting, Inc.
 Wet Tech Energy, Inc.

**Robert A. Mahtook, Jr.**
**Mahtook & LaFleur, LLC**
**Post Office Box 3089**
**Lafayette, Louisiana 70502-3089**
**(337) 266-2189**
**Counsel for Defendant/Appellee:**
        **AFX Petrologix, LLC**

**Leo Raymond McAloon, III**
**Gieger, LaBorde & Laperouse, LLC**
**One Shell Square**
**701 Poydras Street, Suite 4800**
**New Orleans, Louisiana 70139**
**(504) 561-0400**
**Counsel for Defendant/Appellee:**
        **Shamrock Management, LLC**

**Marc D. Moroux**
**Juneau David, APLC**
**Post Office Drawer 51268**
**Lafayette, Louisiana 70505-1268**
**(337) 261-1408**
**Counsel for Defendant/Appellee:**
        **Gulfport Energy Corporation**

**Thomas M. Flanagan**
**Sean Brady**
**Andy Dupre**
**Anders F. Holmgren**
**Flanagan Partners LLP**
**201 St. Charles Avenue, Suite 2405**
**New Orleans, Louisiana 70170**
**(504) 569-0235**
**Counsel for Plaintiff/Appellant:**
        **Bradley Broussard**

**J. Kyle Findley**
**Kala Sellers**
**Adam Lewis**
**Arnold & Itkin, LLP**
**6009 Memorial Drive**
**Houston, Texas 77007**
**(713) 222-3800**
**Counsel for Plaintiff/Appellant:**
        **Bradley Broussard**

**F. Douglas Ortego**
**LeBas Law Offices**
**201 Rue Iberville, Suite 100**
**Lafayette, Louisiana 70508**
**(337) 236-5500**
**Counsel for Intervenor:**
        **American Interstate Insurance Company**

**KEATY, Judge.**

Plaintiff/Appellant, Bradley Broussard, appeals the trial court's grant of summary judgment in favor of Defendant/Appellee, Wet Tech Lighting, Inc. For the following reasons, the trial court's judgment is reversed.

## FACTS AND PROCEDURAL HISTORY

This personal injury matter stems from injuries sustained by Broussard on January 21, 2015, while working in the course and scope of his employment with AFS Petrologix, LLC, on platform 114 in the East Hackberry Field in Calcasieu Lake, State Lease 50. Broussard was inspecting a navigational light on top of a pole when it broke, causing him to fall into the water below and sustain injuries. As a result, Broussard filed an Original Petition for Damages on May 6, 2015, against Gulfport Energy Corporation as the owner and/or operator of the platform based upon negligence and premises liability. Broussard's workers' compensation insurer, American Interstate Insurance Company, filed a Petition of Intervention. On April 26, 2016, Broussard filed his First Amended Petition for Damages, naming Wet Tech Lighting, Inc., Wet Tech Energy, Inc., and Shamrock Management, L.L.C., as additional Defendants. In his amended petition, Broussard alleged that Wet Tech Lighting, Wet Tech Energy, and Shamrock were negligent by failing to properly inspect and maintain the navigational light and pole.

On April 11, 2018, Wet Tech Lighting filed a motion for summary judgment, alleging that it owed no duty to Broussard because the contract governing the work at issue was executed between Gulfport and Wet Tech Energy, a separate and different entity from Wet Tech Lighting. Broussard filed an opposition memorandum and, alternatively, a motion to continue the summary judgment hearing. Following a hearing on May 14, 2018, the trial court denied Broussard's motion to continue and granted Wet Tech Lighting's motion for summary judgment.

The trial court's written judgment was signed on May 24, 2018, which Broussard now appeals.

On appeal, Broussard asserts the following assignments of error:

A. Given the absence of critical discovery, the district court abused its discretion in refusing to continue the summary judgment hearing.

B. The district court erred in refusing to continue the summary judgment hearing where the plaintiff received less than the 30-day notice required by article 966(C)(1)(b) of the Code of Civil Procedure.

**STANDARD OF REVIEW**

The standard of review utilized by an appellate court when reviewing a trial court's grant of a motion for summary judgment is de novo. *Duncan v. U.S.A.A. Ins. Co.,* 06-363 (La. 11/29/06), 950 So.2d 544. Under this standard, the appellate court uses the same criteria as the trial court in determining if summary judgment is appropriate pursuant to La.Code Civ.P. art. 966. *Id.* The criteria enunciated in La.Code Civ.P. art. 966(A)(3) provides that "a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." "A fact is 'material' when its existence or nonexistence may be essential to [a] plaintiff's cause of action under the applicable theory of recovery." *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. Additionally, a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Id.*

Louisiana Code of Civil Procedure Article 966(D)(1) explains the mover's burden of proof on summary judgments as follows:

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before

2

the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

## DISCUSSION

In his second assignment of error, Broussard contends that the trial court erred in refusing to continue the summary judgment hearing because he received less than thirty-days' notice in violation of La.Code Civ.P. art. 966(C)(1)(b). According to Broussard, this article ensures that parties are given at least thirty-days' notice of the setting of a hearing on a motion for summary judgment. He asserts that this mandatory pre-hearing notice was not afforded to him.

In opposition, Wet Tech Lighting contends that the article at issue states that the time limits must be followed unless otherwise agreed to by all of the parties and the court. It points to Broussard's handling of the case, including the filing of an opposition addressing the merits and appearing at the hearing to argue his position. According to Wet Tech Lighting, Broussard's foregoing actions reveal that no prejudice occurred and that he waived any objection he may have had regarding the timing of the hearing.

Notice of a hearing on a motion for summary judgment is discussed in La.Code Civ.P. art. 966, as follows:

> C. (1) Unless otherwise agreed to by all of the parties and the court:
>
> . . . .
>
> (b) Notice of the hearing date shall be served on all parties in accordance with Article 1313(C) or 1314 not less than thirty days prior to the hearing.

3

On review, the record reveals that April 16, 2018 is when Broussard's counsel received notice of the hearing scheduled for May 14, 2018. Thus, receipt of the notice was less than thirty days in violation of La.Code Civ.P. art. 966(C)(1)(b). At the hearing and in its memoranda filed in the trial court proceeding, Wet Tech Lighting argued that Broussard waived his right to the thirty-day notice requirement because he filed an opposition memorandum. Wet Tech Lighting also pointed to the language in La.Code Civ.P. art. 966(C)(1) wherein an exception to the thirty-day notice requirement exists when otherwise "agreed to by all of the parties and the court[.]"

In this case, the record shows that Broussard never agreed to a waiver of the thirty-day notice requirement. Rather, in his opposition memorandum, he objected and asserted that the hearing "fail[ed] to comply with the required notice under Art. 966(C)(1)(b)" and that he "was not provided the minimum amount of notice, 30 days, as required." Broussard argued that the "current hearing should be continued." At the hearing on the motion for summary judgment, Broussard advised the trial court that he sought a continuance because of Wet Tech Lighting's failure to provide the requisite thirty-days' notice.

We recognize that La.Code Civ.P. art. 966(C)(1)(b) requires that notice "shall" be provided thirty days prior to the hearing. In *Lewis v. Old Republic Insurance Co.*, 17-456 (La.App. 3 Cir. 8/23/17), 226 So.3d 557, this court explained the meaning of "shall" under La.Code Civ.P. art. 966(B), the provision governing the procedure for filing, opposing, and replying to a motion for summary judgment. This court in *Lewis*, 226 So.3d at 559, held:

> As amended, Article 966(B) allows a trial court to extend the deadline with the agreement of all parties. This condition clearly was not fulfilled; Relator objected to the late filing of the opposition. The trial court, therefore, had no discretion to allow this late filing. The refusal

4

of the trial court to entertain Respondents' late filings was mandated by La.Code Civ.P. art. 966.

Similar to *Lewis*, there was no agreement between Broussard and Wet Tech Lighting to change the thirty-day notice requirement provided in La.Code Civ.P. art. 966(C)(1)(b). This is evident based upon Broussard's repeated objections. The trial court, therefore, had no discretion to allow the summary judgment hearing to occur on May 14, 2018. Accordingly, this assignment of error has merit, and the summary judgment is reversed. In light of our holding, we decline to address Broussard's first assignment of error.

## DECREE

For the above reasons, the trial court's judgment granting the motion for summary judgment in favor of Defendant/Appellee, Wet Tech Lighting, Inc., is reversed. All costs associated with this appeal are assessed to Defendant/Appellee, Wet Tech Lighting, Inc.

**REVERSED.**