**NOT DESIGNATED FOR PUBLICATION**

**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**19-579**


**JOSEPH J. GREEN**

**VERSUS**

**CALCASIEU PARISH POLICE JURY**


\*\*\*\*\*\*\*\*\*\*

SUPERVISORY WRIT FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, No. 2016-4722
HONORABLE RONALD F. WARE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**CANDYCE G. PERRET
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Phyllis M. Keaty, and Candyce G. Perret, Judges.


**WRIT GRANTED AND MADE PEREMPTORY.**

**Joshua K. Trahan**
**Preis, PLC**
**102 Versailles Boulevard, Suite 400**
**Lafayette, Louisiana 70509**
**(337) 237-6062**
**Counsel for Defendant/Appellant:**
    **Calcasieu Parish Police Jury**

**Otha Curtis Nelson**
**Attorney at Law**
**1606 Scenic Highway**
**Baton Rouge, Louisiana 70802**
**(225) 383-3675**
**Counsel for Plaintiff/Appellees:**
    **Joseph J. Green**

**Perret, Judge.**

Defendant-Relator, the Calcasieu Parish Police Jury ("CPPJ"), seeks supervisory writs from the judgment of the trial court that denied its Motion for Summary Judgment. For the following reasons, we hereby grant the writ application, reverse the ruling of the trial court, and enter a summary judgment in favor of CPPJ dismissing Plaintiff's claims against it with prejudice.

**FACTS AND PROCEDURAL HISTORY:**

Plaintiff Joseph J. Green ("Mr. Green") alleges that he lost his balance (but did not fall), when he stepped off of the sidewalk to the parking lot at the newly renovated Allen P. August Multi-Purpose Center/Post Office located at 2001 Moeling Street, Lake Charles, Louisiana, on November 23, 2015. On November 18, 2016, Mr. Green filed suit against CPPJ alleging that he suffered "severe and disabling injuries" as a result of this incident.

On February 21, 2019, CPPJ filed a Motion for Summary Judgment alleging that the elevation change between the sidewalk and parking lot was clearly visible and did not present an unreasonably dangerous condition. CPPJ further alleged that Mr. Green could not prove he suffered any damages as a result of the alleged incident. Mr. Green opposed the motion.

On June 5, 2019, a hearing was held on the Motion for Summary Judgment. Thereafter, the trial court orally denied CPPJ's motion and stated, in pertinent part: "There's sufficient reason to believe and evidence presented that there [] are genuine issues of fact. And I certainly understand the defendant's argument, but I think that Mr. Green's submissions overcome[] the motion for summary judgment. I think he's entitled to his day in court on the merits."

CPPJ now seeks review of this ruling, alleging the following two assignments of error:

> 1. The trial court erred in finding that there is a genuine issue of material fact with respect to whether Respondent encountered an unreasonably dangerous condition on a completely normal sidewalk; and

> 2. The trial court erred in finding that there was a genuine issue of material fact with respect to whether Respondent sustained actual damages, given the utter lack of evidence of any actual injury and the subsequent automobile accident which occurred approximately three weeks after the subject incident.

On October 21, 2019, this court granted CPPJ's writ application and gave notice to the parties that they could file additional briefs and request oral argument pursuant to La.Code Civ.P. art. 966(H) and this court's Internal Rule 30. Neither party filed additional briefs nor requested oral argument within the delays allowed in the order granting the writ.

**STANDARD OF REVIEW:**

"A denial of a motion for summary judgment is interlocutory, and the only remedy available is to seek supervisory relief." *Lewis v. Old Republic Ins. Co.*, 17-456, p. 2 (La.App. 3 Cir. 8/23/17), 226 So.3d 557, 558. This court reviews a trial court's granting or denial of a motion for summary judgment de novo. *Duncan v. U.S.A.A. Ins. Co.*, 06-363 (La. 11/29/06), 950 So.2d 544. Under this standard of review, the appellate court uses the same criteria as the trial court in determining if summary judgment is appropriate: whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. *Id.* "A fact is 'material' when its existence or nonexistence may be essential to [a] plaintiff's cause of action under the applicable theory of recovery." *Smith v. Our Lady of the Lake Hosp., Inc.,* 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. "[F]acts are material

2

if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." *Id.* (quoting *S. La. Bank v. Williams*, 591 So.2d 375, 377 (La.App. 3 Cir. 1991), *writs denied*, 596 So.2d 211 (La.1992)).

Louisiana Code of Civil Procedure Article 966(D)(1) discusses the mover's burden of proof on summary judgments, and states:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

**DISCUSSION:**

In the writ application, CPPJ asserts that "[a] plaintiff may not satisfy his burden on summary judgment by relying on the self-serving, conclusory, and internally inconsistent evidence." In support of its motion for summary judgment, CPPJ presented the following documents: (1) the petition; (2) excerpts from Mr. Green's deposition; (3) photographs of the parking lot; (4) Mr. Green's answers to interrogatories;[1] (5) Mr. Green's medical records from Louisiana Orthopedic & Spine; (6) Mr. Green's records from Dr. Clark A. Gunderson; and (7) Mr. Green's records from Southwest Louisiana Center for Health Services.

In opposition to the motion, Mr. Green submitted only his own affidavit dated April 26, 2019. Mr. Green contends that the following facts are material and in dispute: (1) the date of the incident was the first time he had been to the location

---

[1] The discovery originally attached to the Motion for Summary Judgment did not include Mr. Green's responses. However, at the hearing, CPPJ's counsel acknowledged this oversight and introduced the discovery with responses into evidence without objection.

since the completion of the remodeling; and (2) there was no yellow painting on the sidewalk or sign indicating the elevation drop off on the sidewalk, and that he spoke with a lady by the name of Mrs. Charlotte by telephone on November 25, 2015, and told her about the incident and that he had an injury to his lower back and tailbone.

In *Bufkin v. Felipe's La., LLC*, 14-288, pp. 5-7 (La. 10/15/14), 171 So.3d 851, 855-56 (citations omitted), the Louisiana Supreme Court stated:

> The burden for tort liability arising from a defect in a public sidewalk is generally with the municipality. . . . Notwithstanding, a pedestrian has a duty to see that which should be seen and is bound to observe his course to see if his pathway is clear.
>
> When evaluating the duty owed relative to a sidewalk condition, the facts and surrounding circumstances of each case control[,] and the test applied requires the consideration of whether the sidewalk was maintained in a reasonably safe condition for persons exercising ordinary care and prudence. Courts have adopted a risk-utility balancing test to determine whether such a condition is unreasonably dangerous, wherein the trier of fact balances the gravity and the risk of harm against the individual and societal utility and the cost and feasibility of repair.
>
> This court has synthesized the risk-utility balancing test to a consideration of four pertinent factors: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature.
>
> . . . .
>
> The second prong of this risk-utility inquiry focuses on whether the allegedly dangerous or defective condition was obvious and apparent. Under Louisiana law, a defendant generally does not have a duty to protect against that which is obvious and apparent. In order for an alleged hazard to be considered obvious and apparent, this court has consistently stated the hazard should be one that is open and obvious to everyone who may potentially encounter it.

In *Minix v. Pilot Travel Ctrs., LLC*, 18-1197, pp. 5-6 (La.App. 1 Cir. 5/31/19), 277 So.3d 810, 814, *writ denied*, 19-1074 (La. 10/8/19), 280 So.3d 149, the first circuit went on to explain that:

> summary judgment is appropriate where a defendant points out a lack of factual support for a plaintiff's claim that a condition is unreasonably dangerous, and, upon the burden shifting to the plaintiff, the plaintiff is unable to produce factual support for his claim or to establish the existence of a genuine issue of material fact. LSA-C.C.P. art. 966(D). Thus, in the absence of any material issues of fact, a court may determine by summary judgment that a defect is open and obvious and, therefore, does not present an unreasonable risk of harm. *Temple* [*v. Morgan*, 15-1159 (La.App. 1 Cir. 6/3/16)], 196 So.3d [71] at 78[, *writ denied*, 16-1255 (La. 10/28/16), 208 So.3d 889].

In this case, the undisputed facts are that Mr. Green had visited the place of the accident on many occasions over the years, but the date of the alleged incident was the first time he had been there since the renovations were completed. When Mr. Green arrived at the building, he parked in a handicapped spot, exited his vehicle, went inside the post office, handed his letter to the lady at the counter, and exited the building. He did not have to wait in line at the post office, so he was not in the building very long. When he exited his vehicle and entered the building, he did not trip or stumble. When asked, Mr. Green admitted that he had to notice the change in elevation because he "did step up." Mr. Green testified in his deposition that he was not paying attention as he was walking into the post office because he had to get a letter mailed and that he "wasn't thinking" when he walked out of the post office. Mr. Green testified that he did not forget that there was an elevation change, but he "just didn't think back." Upon returning to his vehicle, he felt his whole body drop, but he managed to use his "strength" to save himself, and he did not fall or hit the ground.

Mr. Green contends that he reported the accident to someone at the building the next day. He contends that Irene Trahan told him that "some people had been talking about that drop off and the location of the handicap accessible parking space provided." However, no affidavit from Trahan was submitted.

In *Williams v. Liberty Mut. Fire Ins. Co.*, 16-996, p. 7 (La.App. 1 Cir. 3/13/17), 217 So.3d 421, 426, in granting the defendants' motion for summary judgment, the trial court remarked that "[i]t's just a basic curb." The first circuit pointed out plaintiffs did not point to any law that required a merchant to mark and paint all curbs.

In *Trice v. Isaac*, 99-839 (La.App. 5 Cir. 2/16/00), 759 So.2d 843, *writ denied*, 00-1113 (La. 6/2/00), 763 So.2d 600, Robert Trice, a delivery driver, filed suit for damages after he tripped over a curb between the parking area and sidewalk leading to the entrance of the grocery store where he was making a delivery. Trice backed his truck up to the store entrance, exited his truck, and went into the store to determine what products were needed. He then went back to his truck and filled his cart. As he attempted to move his cart to enter the store, he stepped backwards and tripped on the elevation separating the parking lot from the store sidewalk. He had not been to this store before. The trial court granted summary judgment in favor of the store, noting that Trice had not taken "proper precaution as he stepped backwards and in not seeing what he should have seen" and that "Trice had traversed the sidewalk successfully going into and out of the store just previously and that he saw or should have seen the 3-inch elevation." *Id.* at 844. The fifth circuit affirmed, noting that the photographs showed "an elevated walkway which, although made of the same material as the parking area, is a clearly visible step up." *Id.* at 847.

6

According to the fifth circuit, "[t]he elevation change was apparent and required no special warning." *Id.*

As the first circuit stated in *Williams v. Leonard Chabert Med. Ctr.*, 98-1029, p. 9 (La.App. 1 Cir. 9/26/99), 744 So.2d 206, 211, *writ denied*, 00-11 (La. 2/18/00), 754 So.2d 974 (emphasis in original): "[W]e do not live in a perfect world. We cannot impose a duty on a landowner to have perfectly flawless premises. Sidewalks and parking lots are not always level, and individuals must assume *some* responsibility for their own safety. Everyday life presents risks which must be encountered and negotiated."

Based on the above cited jurisprudence, we find that the photographs in this case show that this is an unremarkable curb and that Mr. Green has failed to show that it presented an unreasonable risk of harm. Thus, we find merit to CPPJ's claim that the trial court erred in denying the motion for summary judgment based on the assertions that there is no evidence that the complained of condition created an unreasonable risk of harm and was an open and obvious condition.

For these reasons, we hereby grant the writ application, reverse the trial court judgment, and enter a summary judgment in favor of CPPJ dismissing Mr. Green's claims against it with prejudice.

**WRIT GRANTED AND MADE PEREMPTORY.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.