STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

25-463


SUSAN D. BLAKE

VERSUS

JAMES H. BLAKE, ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2022-4728
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

WILBUR L. STILES
JUDGE

\*\*\*\*\*\*\*\*\*\*


Court composed of Elizabeth A. Pickett, Sharon Darville Wilson, and Wilbur L. Stiles, Judges.


Pickett, Chief Judge, dissents and assigns reasons.


AFFIRMED.

Billy E. Loftin, Jr.
Loftin Law Group, LLC
113 Dr. Michael DeBakey Drive
Lake Charles, LA 70601
(337) 310-4300
COUNSEL FOR PLAINTIFF/APPELLANT:
    Susan D. Blake

J. Michael Veron
Gage M. Stewart
Veron Bice, LLC
Post Office Box 2125
Lake Charles, LA 70602-2125
(337) 310-1600
        COUNSEL FOR DEFENDANTS/APPELLEES:
        James H. Blake
        The Estate of Henry E. Blake
        Will Kay, LLC
        WDB United Credit Trust for Della Blake Rose
        WDB United Credit Trust for Marie Blake Grace
        Della Blake Rose
        Marie Blake Grace
        Blake Brothers, LLC

Beverly A. DeLaune
Deutsch Kerrigan, LLP
755 Magazine Street
New Orleans, LA 70130-3672
(504) 593-0619
COUNSEL FOR THIRD PARTY/APPELLEE:
    Sam Harrison, CPA

**STILES, Judge.**

Plaintiff Susan D. Blake sought dissolution of a family-owned investment company. The trial court dismissed Plaintiff's suit following a determination, in part, that Plaintiff had been unable to demonstrate that she was a member therein. Plaintiff appeals. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

Brothers William D. Blake, James H. Blake, and Henry E. Blake formed Blake Brothers, LLC in 1997 as an investment company for the management of certain family holdings. The Blake Brothers Operating Agreement identified the brothers as "members," each holding a $33^{1/3}$ share of the net profits and losses. William, the designated "manager" of the company, died in 2016.

William's death implicated Section 12 of the Operating Agreement, which provides that death of a member terminates the company and triggers dissolution procedures "unless within ninety (90) days after such event, *the company is continued by the written unanimous consent of all remaining members.*" (Emphasis added.) Accordingly, James and Henry executed a June 2016 "Third Amendment to Operating Agreement of Blake Brothers, L.L.C. by Unanimous Written Consent of Members," acknowledging William's death and declaring themselves to be "all of the Members of the Company." James and Henry appointed Della Blake Rose as a "manager" of the company, along with themselves.

Henry died on February 5, 2022. James thereafter signed a "Fourth Amendment to Operating Agreement of Blake Brothers, L.L.C. by Written Consent," dated April 13, 2022. The Fourth Amendment acknowledged Henry's death and appointed "Caroline Blake Faris and Catherine Blake Rhoades" as additional

"managers."[1] The term of the Company was extended "until December 31, 2057." The Fourth Amendment contained various signature pages, not only for James, as the remaining original member, but also for other interest holders. The signature of each of the interest holders was identified as that of a "Member," a label underlying much of the dispute in this case.

In September 2022, Susan D. Blake, the daughter of William, filed a Petition for Judicial Dissolution of Blake Brothers, LLC against various defendants, including James and individuals/entities associated with the company.[2] Plaintiff represented that she "and Defendants are believed to be all of the *members* of Blake Brothers, LLC as well as the entity of Blake Brothers, LLC." (Emphasis added.)

Plaintiff recognized that the Operating Agreement was amended four times, but she stated that she did not consent to the continuation of the company. She thus maintained that Blake Brothers "was not continued by written unanimous consent of all remaining members." Plaintiff invoked the termination process of Section 12 of the Operating Agreement and further stated that, as a "member," she sent notice to "the other members on July 13, 2022 and asked to initiate dissolution, winding up and liquidation pursuant to the mandatory provisions of the Company's Operating Agreement."[3]

---

[1] The Fourth Amendment identified the "Managers of the Company" as "James H. Blake, William E. Rose, Della Blake Rose, Caroline Blake Faris, and Catherine Blake Rhoades."

[2] Plaintiff named James H. Blake, The Estate of Henry E. Blake, Will Kay, LLC, WDB Unified Credit Trust for Della Blake Rose, WDB Unified Credit Trust for Marie Blake Grace, Della Blake Rose, Marie Blake Grace, and Blake Brothers, LLC as defendants.

[3] Section 12, titled "Termination of Company" provides not only the method for continuation of the company upon written unanimous consent of all remaining members but also the framework for termination of the company in the absence of such consent. Section 12 states that:

> Upon the termination of the company as herein provided, a full and general accounting shall be taken of the company business, and the affairs of company shall

Defendants largely denied Plaintiff's allegations, maintaining that Blake Brothers was never terminated but that it was properly continued by the Fourth Amendment. Defendants specifically denied Plaintiff's contention that she was a member and stated that "[t]he only members of Blake Brothers, L.L.C. ("Blake Brothers") are James H. Blake and Caroline Blake Faris." Regarding the addition of Ms. Faris, Defendants attached a Fifth Amendment to Operating Agreement and Admission to New Member to Blake Brothers, L.L.C.

Executed in November 2022, the Fifth Amendment recognized that James, Henry, and William were the "initial organizers and Members of the Company" and that James was "the only remaining Member of the Company[.]" The Fifth Amendment indicated that "the admission of new members requires a vote of the holders of a majority of the interest of the Members of the company" and that "James H. Blake, as the only remaining Member of the Company, desires to admit Catherine Blake Faris as a Member of the Company[.]"[4] Both James and Catherine signed the Fifth Amendment.

In November 2023, Plaintiff filed a First Supplemental and Amending Petition asserting that the Fourth Amendment of April 2022, relied upon by Defendants and recorded in the Calcasieu Parish conveyance records, was not the "complete document" of the Fourth Amendment. Plaintiff instead maintained that the recorded

be wound up. Any profits or losses realized or incurred since the last previous accounting shall be divided among the members and shall be added to the distribution to be made to the members. The members shall wind up and liquidate the company by selling the company assets and distributing the net proceeds therefrom, in cash, or by distributing the assets in kind, after the payment of the company liabilities, expenses, and fees incurred in connection therewith, to the members in proportion to their capital interest in the company.

[4] The Fifth Amendment further replaced Sections 10 and 12 of the Operating Agreement related to the admission of "New Members" and "Termination of the Company." We do not discuss those substitutions further as they were enacted beyond the relevant events of this case.

Fourth Amendment was "missing Page 5, which is the unexecuted signature page bearing her name, individually and as Trustee of the William D. Blake Unified Credit Trust for the benefit of Susan Dows Blake, and as Trustee of the William D. Blake Residuary Trust for the benefit of Susan Dows Blake, and as Manager of Will Kay, LLC." Plaintiff maintained that "Page 5 of the document was removed from the alleged Fourth Amendment prior to recording."[5]

Answering the supplemental and amending petition, Defendants denied Plaintiff's allegation, stating that, while the final version of the Fourth Amendment recorded in the conveyance records "does not contain a page five, the document is nonetheless complete."

Defendants further challenged Plaintiff's claim for dissolution through the filing of two related motions for summary judgment, both now at issue. First, in November 2023, Defendants filed a Motion for Summary Judgment on Termination of Blake Brothers, LLC, arguing that Blake Brothers was properly continued after Henry's death since James, as the sole surviving member, timely signed his consent to continue the business. Defendants asked for the dismissal of Plaintiff's claim.

Plaintiff did not immediately file an opposition but pursued further discovery of documents that she suggested demonstrated that she had been treated as a member. Defendants objected to those discovery demands in part, particularly as they related to Defendants' income tax returns. While Plaintiff asserted that she was characterized as a member in the tax returns, Defendants maintained that any such designation was irrelevant. Rather, the Operating Agreement provides that the only

---

[5] Reference to either the recorded version of the Fourth Amendment or the "complete" but unexecuted document referred to by Plaintiff illustrates the confusion at the center of this case. Although the document refers to "Members," James was the only original member remaining at that time.

path for an assignee of interest, such as Plaintiff, to become a member of the company is by unanimous consent of the members in writing. The trial court ultimately ordered the production of tax documents and related documents, albeit subject to a protective order.

Thereafter, in November 2024, Defendants filed a separate Motion for Partial Summary Judgment on Third Party Documents by which Defendants referenced their earlier filed Motion for Summary Judgment and again asserted that Plaintiff had no right to pursue the suit as she was not a member of the LLC. Defendants specifically sought "an order declaring that tax returns and other third party documents could not, as a matter of law, confer membership status in Blake Brothers, LLC on Susan Blake. Defendants referenced both the requirements for membership contained within the Operating Agreement and La.R.S. 12:1332 in support of their position. Defendants thus maintained that Susan is not a "member" with a right to seek dissolution but is instead merely an 8% interest owner.[6] *See also* La.R.S. 12:1335.

The procedural aspect of this controversy arose when Defendants attempted to set both the Motion for Summary Judgment on Termination and the Motion for Partial Summary Judgment on Third Party Documents for hearing. Email correspondence between the office of defense counsel and the trial court's staff reflects an initial request for a hearing on the Motion for Partial Summary Judgment

---

[6] Louisiana Revised Statutes 12:1301(A)(13) defines "[m]ember" as "a person with a membership interest in a limited liability company with the right and obligations specified under this Chapter."

Louisiana Revised Statutes 12:1301(A)(14) provides that a "'[m]embership interest' or 'interest' means a member's rights in a limited liability company, collectively, including the member's share of the profits and losses of the limited liability company, the right to receive distributions of the limited liability company's assets, and any right to vote or participate in management."

on Third Party Documents. The trial court reserved March 7, 2025 for the hearing date, with the trial judge's judicial assistant advising that notice would be sent "as quickly as possible." Within an hour, defense counsel's office specifically asked that:

> In addition, due to the April 14th trial date, and in accordance with Article 966(C)(1)(a) of the Code of Civil Procedure, we also need to have our Motion for Summary Judgment on Termination of Blake Brothers, LLC set for hearing. A copy of the filed Motion, Memorandum and Order are attached for your convenience.
>
> Is it possible to set this Motion for hearing on March 7 also?
>
> Please let us know if you need a letter requesting it be set for hearing at the same time as our Motion for Summary Judgment on Third Party Documents.

The judge's office replied within a few minutes, thanking defense counsel's staff for a copy of the "November 24 filing" and confirming that "Yes I will set both matters on the same date of March 7th." Plaintiff's counsel was copied on each exchange.

The following day, February 7, 2025, the Clerk of Court sent an email "Notice of Motions/Exceptions" informing the parties that "Motion for Partial Summary Judgment on Third Party Documents" had been set for "03/07/2025 at 9:00 AM." By separate notice, the trial court also set consideration of a Motion to Compel filed by Plaintiff for that date.

On March 3, 2025, Plaintiff filed an Exception of Insufficiency of Service of Process, asserting, in part, that the trial court was without authority to consider Defendants' Motion for Summary Judgment on Termination as the notice of the March 7, 2025 hearing listed only Plaintiff's Motion for Partial Summary Judgment on Third Party Documents. Plaintiff's counsel explained that he had not received a notice setting a hearing date for Defendants' Motion for Summary Judgment on Termination and thus the matter had not been set for hearing. Explaining that Plaintiff did not agree to waive the thirty day notice period required by La.Civ.Code

6

P. art. 966(C)(1)(b), Plaintiff's counsel asserted that the trial court was barred from addressing the unnoticed Motion for Summary Judgment on Termination. The trial court set the exception for consideration at the March 7, 2025 hearing.

Despite reiterating the issue of notice, Plaintiff's counsel appeared at the March 7, 2025 hearing and acknowledged that he had filed an opposition to Defendants' Motion for Summary Judgment on Termination "[i]n an abundance of caution." The trial court considered the exception, finding sufficient indicia of notice. The trial court stated:

> I'm satisfied that the record reflects that while Mr. Loftin may be technically correct that there was not a notice that specifically made the reference to the matters that he has suggested were not properly served, I believe the record's clear that there was enough information that would allow him to be noticed, allow Susan Blake to be noticed on the hearing today. So Mr. Loftin, that exception is denied at this matter [sic] time.

The trial court thus turned to consideration of the requests for summary judgment. The court observed that one of the "[seminal] issues" before it was whether Plaintiff "can show that she is in fact a member of Blake Brothers, LLC." Such an inquiry was foundational to the larger issue of whether Blake Brothers, LLC "was properly and legally continued by the signature of Mr. James Blake in April of 2022." The trial court concluded that it did not find "that there is any accumulation of documentation or information that would overcome the requirements that would allow Ms. Susan Blake to be recognized as a member of Blake Brothers, LLC." The trial court explained that it was "granting the motion for summary judgment, finding that Ms. Susan Blake is not a member on the terms of the operating agreement; that Mr. James Blake was in fact the sole member, surviving member, at the time of his signature of the continuation of the company subsequent to Mr. William Blake's demise; and that that was timely done within the 90 days."

By its resulting April 14, 2025 judgment, the trial court ordered that:

I.     The plaintiff's exception of insufficiency of service is hereby DENIED;

II.    The defendants' motion for summary judgment that Susan D. Blake is not a member of Blake Brothers, LLC and that Blake Brothers, LLC was not terminated be and is hereby GRANTED, and the plaintiff's claims herein are thereby dismissed with prejudice;

III.   As a result, the other motions are moot[.]

Plaintiff appeals, assigning the following as error:

1.    The district court erred in denying Plaintiff/Appellant's Exception of Insufficiency of Service regarding Defendants' Motion for Summary Judgment on Termination of Blake Brothers, LLC when no notice of the hearing on the Defendants' Motion for Summary Judgment on Termination was served on counsel for Plaintiff/Appellant in accordance with law.

2.    The district court erred in granting Defendants' Motion for Summary Judgment on Termination of Blake Brothers, LLC when the matter was not set for hearing.

3.    The district court erred in denying Appellant's pending motions finding them moot, i.e., the Plaintiff/Appellant's Motion to Compel regarding Thad Minaldi.

4.    The district court erred by signing the Judgment regarding the Defendants' Motion for Summary Judgment on Termination of Blake Brothers, LLC which dismissed "The Estate of James H. Blake" when "The Estate of James H. Blake" was not a party to this litigation and no substitution of parties had been filed prior to the March 7, 2025 hearing.

## DISCUSSION

*Notice*

Plaintiff first focuses on La.Code Civ.P. art. 966(C)(1)(b)'s notice requirements, pointing out that the formal Notice for the March 7, 2025 hearing

8

failed to list the Motion for Summary Judgment on Termination.[7] Plaintiff initially objected by the filing of an exception of insufficiency of service and maintaining that objection in her opposition to the Motion for Summary Judgment on termination.[8] Plaintiff repeated her objection at the March 7, 2025 hearing, asserting that the trial court was without authority to consider the Motion for Summary Judgment on Termination of Blake Brothers, LLC due to that lack of specific notice. Plaintiff returns to that argument on appeal in her first two assignments of error, suggesting that the trial court was without authority in entering judgment on the Motion for Summary Judgment on Termination. We find no merit in that contention.

Regarding service, La.Code Civ.P. art. 966 provides that:

---

[7] The subject Notice indicates:

THE ABOVE CASE HAS BEEN ASSIGNED TO
AD HOC, Judge Robert L. Wyatt

DEFENDANTS, JAMES H. BLAKE, THE ESTATE OF HENRY E. BLAKE, WILL KAY, LLC, WDB UNIFIED CREDIT TRUST FOR DELLA BLAKE ROSE, WDB UNIFIED CREDIT TRUST OF MARIE BLAKE GRACE, DELLA BLAKE ROSE, MARIE BLAKE GRACE
AND BLAKE BROTHERS, LLC,
MOTION FOR PARTIAL SUMMARY JUDGMENT ON THIRD PARTY DOCUMENTS
FILED 11/18/2024
HAS BEEN SET FOR:
03/07/2025 at 9:00 AM

[8] In her Opposition to Defendants' Motion for Summary Judgment on Termination, Plaintiff maintained:

As previously stated, DEFENDANTS' motion for summary judgment regarding the termination of Blake Brothers and the motion to supplement the previously filed motion for summary judgment were previously set for hearing on December 20, 2024. That hearing was continued due to numerous issues. Following a request by DEFENDANTS, a Notice of motion was sent out by email from Kam Jakubek, Judicial Assistant to Judge Robert Wyatt. However, that Notice for hearing was the Defendants' "Motion for Partial Summary Judgment on Third Party Documents". To date, Counsel for Plaintiff has not received a notice setting a hearing date for the Defendants' "Motion for Summary Judgment regarding the Termination of Blake Brothers, LLC". Hence, this issue is not currently before the Court and SUSAN D. BLAKE objects to the Court's consideration of this motion at this time.

9

C. (1) Unless otherwise agreed to by all of the parties and the court:

. . . .

(b) Notice of the hearing date shall be served on all parties in accordance with Article 1313(C) or 1314 not less than thirty days prior to the hearing.

Given the Article's use of the term "shall," a "trial court has no discretion to allow a hearing to proceed in violation of the notice requirements set forth in La.Code Civ.P. [art.] 966(C)(1)(b) unless agreed to by the parties." *Holleman v. Golden Nugget Lake Charles, LLC*, 21-611, p. 3 (La.App. 3 Cir. 5/25/22), 339 So.3d 731, 733. This court has explained that "[n]either agreement of the parties nor waiver may be inferred from the filing of an opposition to the motion for summary judgment." *Noel v. Noel*, 21-497, p. 12 (La.App. 3 Cir. 2/16/22), 335 So.3d 882, 892 (citing *Lewis v. Old Republic Ins. Co.*, 17-456 (La.App. 3 Cir. 8/23/17), 226 So.3d 557), *writ denied*, 22-471 (La. 5/10/22), 337 So.3d 909.

As Plaintiff suggests, the notice requirement of Article 966(C)(1)(b) is mandatory. However, despite the failure to include the caption of the pleading in the formal notice, Plaintiff was, in fact, made aware via email that the Motion for Summary Judgment on Termination would be heard on March 7, 2026. Plaintiff's counsel was included on email communication with the trial court's staff setting the Motion for Summary Judgment on Termination for hearing. Plaintiff's counsel made no objection at the time the setting was discussed in the email exchange. Counsel instead waited until February 20, 2025 to raise the issue in the Memorandum in Opposition to Defendants' Motion for Summary Judgment on Termination and until March 3, 2025 to file an Exception of Insufficiency of Service of Process.

While neither agreement of the parties nor waiver of the notice requirements of La.Code Civ.P. art. 966 may be *inferred* from the filing of an opposition to the motion for summary judgment, no inference is required under the circumstances of this case. Rather, Plaintiff's counsel was included on the February 6, 2025 correspondence pointedly including the Motion for Summary Judgment on Termination for consideration at the March 7, 2025 hearing.[9] Counsel did not object but remained silent as staff for defense counsel and the trial court's assistance worked to set the matters for hearing. When formal Notice of the March 7, 2025 hearing was issued the following day without inclusion of the Motion for Partial Summary Judgment included in the caption, Plaintiff's counsel did not object or seek clarification. Plaintiff instead waited almost two weeks to voice her concern regarding notice in the filing of her opposition to the Motion for Summary Judgment on Termination and waited yet another week to file an Exception of Insufficiency of Service. *See Jablonski v. Capital Pools, L.L.C.*, 23-924, p. 10 (La.App. 1 Cir. 5/8/24), 390 So.3d 924, 932 ("[T]o allow the plaintiffs 'now to take advantage of a situation created by [their] own silence, intentionally or otherwise, would not be unjust but a dangerous precedent." (quoting *Normand Co. v. Abraham*, 176 So.2d 178, 181-82 (La.App. 4 Cir. 1965)), *writ denied*, 29-946 (La. 11/6/24), 395 So.3d 1173. That

---

[9] The February 6, 2025 email exchange indicates that defense counsel's staff specifically stated:

> In addition, due to the April 14th trial date, and in accordance with Article 966(C)(1)(a) of the Code of Civil Procedure, we also need to have our Motion for Summary Judgment on Termination of Blake Brothers, LLC set for hearing. A copy of the filed Motion, Memorandum and Order are attached for your convenience.

The trial court's judicial assistant replied within minutes, stating: "Yes I will set both matters on the same date of March 7th." The Notice was sent the following day, February 7, 2025.

latter filing was made merely days before the hearing at which Plaintiff's counsel appeared.

After our de novo review of the record, we agree with the trial court's remarks that "the record's clear that there was enough information that would . . . allow Susan Blake to be noticed on the hearing[.]" Plaintiff was able to file a timely objection to the Motion for Summary Judgment on Termination—a motion pending since November 2023—and made an appearance at the hearing. The trial court allowed Plaintiff to make all objections at that time and receive full consideration of counsel's arguments and complaints. Plaintiff was also able to complete the record in that regard and has not otherwise shown how her response to a more fully delineated notice would have differed.

We thus find it appropriate to maintain the trial court's denial of the exception of insufficiency of service.

*Merits*

Moreover, notwithstanding any deficiency in the formal notice, Plaintiff's argument on the merits of the trial court's ruling does not warrant corrective action. Notably, Plaintiff challenges the trial court's judgment only as it relates to the Motion for Summary Judgment on Termination. She does not contest the trial court's ruling as it relates to the other noticed Motion for Partial Summary Judgment on Third Party Documents.

Further, the motions are intertwined, sharing the foundational issue of whether Plaintiff is a member and thus may proceed with her demand for judicial dissolution. Capacity as a member is required as La.R.S. 12:1335 provides: "On application by or *for a member*, any court of competent jurisdiction may decree dissolution of a

limited liability company whenever it is not reasonably practicable to carry on the business in conformity with the articles of organization or operating agreement."

Defendants' Motion for Partial Summary Judgment on Third Party Documents reflects the common nexus with the earlier filed Motion for Summary Judgment on Termination. By the earlier motion, Defendants asserted that it was undisputed that James was the sole remaining member at the time of the signing of the Fourth Amendment and that his signature, alone, constituted unanimous written consent of the members necessary to continue the company. Defendants specifically disputed that Plaintiff was a member at that time, stating that "there is no evidence by any unanimous written consent making Susan Blake a member of Blake Brothers before the signing of the Fourth Amendment."

Defendants reiterated those claims in their subsequently filed Motion for Partial Summary Judgment on Third Party Documents, again stating that the Operating Agreement controls how a member is added, that adding an assigned interest owner as a member of Blake Brothers requires unanimous consent in writing of its current members, and that there was never a unanimous written consent making Plaintiff a member. Defendants attached both the Operating Agreement and Susan's deposition as exhibits to its motion. While limited in scope, the offering in support of the Motion for Partial Summary Judgment is determinative as to the central issue to both motions for summary judgment, *i.e.*, whether Plaintiff is a member and thus has a right of action for the remedy of judicial dissolution.

Notably, Section 11(C) of the Operating Agreement provides that an assignee of membership interest, such as Plaintiff, may not become a member absent unanimous written consent as follows:

> Notwithstanding any provision to the contrary, an assignment of a membership interest entitles the assignee only to receive distributions to which the assignor was entitled to the extent assigned. **An assignee of a membership interest may not become a member or exercise any of the rights and powers of a member unless the other members unanimously consent in writing.**

(Emphasis added.) Louisiana Revised Statutes 12:1332(A)(1) likewise provides that:

> An assignee of an interest in a limited liability company shall not become a member or participate in the management of the limited liability company unless the other members unanimously consent in writing.

Plaintiff acknowledged in her deposition that unanimous consent in writing was required to become a member of Blake Brothers. As Defendants point out, however, Plaintiff relies on tax documents "and other third party documents" to convey membership.

As the trial court stated, Plaintiff and her attorney "have been very good about coming up with a bunch of documentation, information, that would suggest that she was considered a member of Blake Brothers, LLC." Yet, being considered a member of Blake Brothers, LLC does not equate to *actually being a member* of Blake Brothers, LLC so as to provide the right to seek judicial dissolution under La.R.S. 12:1335.

While Plaintiff presents a subjective, de facto approach to membership, Section 9 of the Operating Agreement strictly dictates that "the admission of new members to the company *shall require the vote of the holders of a majority of the*

*interest of the members of the company.*" (Emphasis added.) Section 10 further requires that:

> New members may be admitted into the company, after the required vote, as of January 1 or July 1 of any year of the company, provided that said new members agree to execute and acknowledge such instruments as are necessary or desirable to effect such admission and to confirm the agreement of the person or entity being admitted as such a member to be bound by all covenants, terms and conditions of this agreement as the same may have been amended.

Plaintiff's admission in her deposition echoes the primacy of Section 11(C). When Defense counsel questioned Plaintiff regarding her interest in Blake Brothers, Plaintiff conceded that her "interest came through" her father and that she "originally was an assignee." When asked whether Section 11(C) of the Operating Agreement "controls how anyone can become a member of Blake Brothers, LLC[,]" Plaintiff replied that "Yeah, there has to be unanimous consent in writing."

In this case, Plaintiff has failed to produce a writing demonstrating that required unanimous consent and, as pointed to in Defendants' Motion for Partial Summary Judgment on Third Party Documents, no other documents could convey such a capacity.[10] Like the trial court, we find following the de novo review required by the summary judgment standard, that Plaintiff has failed to show that she is a member of Blake Brothers. She thus may not pursue the remedy of judicial dissolution prescribed by La.R.S. 12:1335. Her capacity as a member has been

---

[10] We further note that Plaintiff has not demonstrated that she followed the requirements to effect admission of a new member as delineated in Section 10 of the Operating Agreement as follows:

> New members may be admitted into the company, after the required vote, as of January 1 or July 1 of any year of the company, provided that said new members agree to execute and acknowledge such instruments as are necessary or desirable to effect such admission and to confirm the agreement of the person or entity being admitted as such a member to be bound by all covenants, terms and conditions of this agreement as the same may have been amended.

squarely raised, briefed, and argued as an integral and foundational part of both the Motion for Summary Judgment on Termination, and the Motion for Partial Summary Judgment on Third Party Documents. Plaintiff was called to address the issue before the trial court and has again been provided the opportunity to argue the issue before this court.

It bears mentioning that, at the heart of the concept of notice, is the question of Due Process. That is, has the party been made aware of the issue before the court and has the party had the opportunity to adequately prepare and be heard. In this matter, Plaintiff was clearly and actually aware of the issue in the Motion for Partial Summary Judgment on Third Party Documents, which was properly noticed; as well as in the Motion for Summary Judgment on Termination, which was timely answered and briefed; and finally in the appeal that is now before this court. Plaintiff has again extensively briefed the issue. As seen through both motions for summary judgment, the critical issue has always been a question of the right of action. Pursuant to La.Code Civ.P. art. 927(B), "the failure to disclose a cause of action or a right of action or interest in the plaintiff to institute the suit . . . may be noticed by either the trial or appellate court on its own motion." *See also Moreno v. Entergy Corp.*, 10-2268 (La. 2/18/11), 64 So.3d 761; *Howard v. Admin'r of Tulane Educ. Fund*, 07-2224 (La. 7/1/08), 986 So.2d 47; *Gannett River States Publ'g Corp. v. Landry*, 22-452 (La.App. 3 Cir. 3/22/23), 363 So.3d 580, *writ denied*, 23-580 (La. 6/21/23), 363 So.3d 258. At every point of the mentioned stages, this question has been thoroughly briefed and argued before the trial court and this court, whether as an issue of Summary Judgment or, as more precisely presented, an issue of no right of action. The plaintiff has conducted extensive discovery and has had multiple opportunities to exhaustively argue and brief the court on this issue. It would strain

16

rationality and offend judicial economy for this court to remand this matter to the lower court to satisfy a technicality of proper notice under these specific and particular circumstances when we have before us an extensively briefed issue and the complete record.

We therefore affirm the trial court's judgment.

*Remaining Motions Rendered Moot*

In Plaintiff's third assignment of error, she contends that the trial court erred in finding that pending motions regarding the production of materials were rendered moot by the determination that she was not a member. As we stated above, however, absent status as a member, Plaintiff may not, in turn, maintain an action to question whether Blake Brothers was properly continued for purposes of judicial dissolution under La.R.S. 12:1335. As remarked upon by the trial court, Plaintiff had ample opportunity over the course of litigation to procure evidence of her membership as required by the Operating Agreement, if that evidence existed.

*Judgment*

In her final assignment, Plaintiff maintains that the trial court erred in signing the judgment dismissing "The Estate of James H. Blake" as the entity was not a party to the litigation. She contends that the matter should "be remanded for proof supporting the substitution [of the estate for James individually] and for the Appellant to proceed against the proper[] party[,]" In response, Defendants explained that James died during the course of litigation, that the parties acknowledged the fact that the estate had not been substituted, and that Plaintiff indicated at the March 7, 2025 hearing that his estate should be substituted for him individually. The substitution, however, could not be made until the administrator was appointed. Defendants contend that Plaintiff's acknowledgment waives her

17

argument on this point and that remand for substitution of the legal successor suggested by Plaintiff would be a waste of time.

We decline to remand for further substitution. While Plaintiff disputes that she waived the right to raise this issue on appeal, we note that the parties acknowledged the necessary substitution on the record. While Plaintiff suggests that a remand would allow her "to proceed against the proper[] party[,]" we have maintained a finding that Plaintiff has not proven that she has a right to pursue this suit. We therefore find no merit in Plaintiff's assignment.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assigned to Plaintiff/Appellant Susan D. Blake.

**AFFIRMED.**

**Pickett, Chief Judge, dissents and assigns reasons.**

I respectfully dissent from the opinion affirming the trial court's denial of the plaintiff's exception of insufficiency of notice of the hearing on the defendants' motion for summary judgment on termination.

The plaintiff argues the trial court erred in considering the defendants' motion for summary judgment on the termination of the L.L.C. (motion on termination) because her attorney was not served with notice of the hearing on the motion in accordance with La.Code Civ.P. Art. 966(C)(1)(b), which requires that notice of the hearing "shall be served on all parties . . . not less than thirty days prior to the hearing."

The defendants filed two motions for summary judgment at different times. The first motion for summary judgment, which is not at issue here, was set for hearing on March 7, 2025. Thereafter, the defendants had the motion on termination set for hearing the same day. The hearing on the motion addressing termination was set via emails between defense counsel's office and the trial judge's office staff. Plaintiff's counsel was copied on the emails transmitted February 6. A notice of hearing set for March 7, 2025, on the defendant's motion for partial summary judgment on third party documents, was transmitted February 7 to the parties. The motion on termination was not identified in that hearing notice. The plaintiff filed an exception of insufficiency of service on March 3, 2025, asserting service of the motion on termination was untimely and the hearing should be reset. The exception was set for hearing March 7.

Pursuant to La.Code Civ.P. art. 1313(A)(4), electronic service of notice of a hearing is considered received upon transmission of the notice. February 7—28 equals 22 days, and March 1—7 equals 7 days. Thus, the notice provided the

plaintiff 29-days notice before the hearing, not the required thirty-days notice. Therefore, the notice did not satisfy Article 966's 30-day notice requirement.

Judge Stiles cites the trial court's reasons for denying the plaintiff's exception of insufficiency of service and the case of *Jablonski v. Capital Pools, L.L.C.*, 23-924 (La.App. 1 Cir. 5/8/24), 390 So.3d 924, *writ denied*, 24-946 (La. 11/6/24), 395 So.3d 1173, as support for sustaining the trial court's denial of the exception. He does not discuss the facts of *Jablonski*, where the complaining party appeared at the summary judgment hearing and argued the merits of the motion without objecting to the untimely service. The court rejected the untimeliness of service argument because it had not been asserted in the trial court. That is not the case here. Therefore, *Jablonski* has no application here.

In *Morris v. Access Home Ins. Co.,* 25-25, p. 5 (La.App. 3 Cir. 5/21/25), 411 So.3d 117, 124, this court explained:

> The notice requirements of La.Code Civ.P. art. 966(C)(1) are fundamental to procedural due process. *Acadian Props. Northshore, L.L.C. v. Fitzmorris*, 17-424 (La.App. 1 Cir. 11/1/17), 234 So.3d 927. Notice under Article 966(C)(1) applies to both originally scheduled hearings as well as rescheduled hearings. *Dehart v. Jones*, 18-764 (La.App. 3 Cir. 3/27/19), 269 So.3d 801. Thus, when notice has not been timely given under Article 966(C)(1)(b), and when the party opposing summary judgment objects on this basis, the trial court has no discretion to allow the hearing to go forward. *Broussard v. Gulfport Energy Corp.*, 18-839 (La.App. 3 Cir. 6/5/19), 273 So.3d 434.

The notice provided to the plaintiff for the hearing on the motion for summary judgment on termination of Blake Brothers, L.L.C. did not satisfy the notice requirement of La.Code Civ.P. Art. 966(C)(1)(b). Accordingly, the trial court's grant of summary judgment on that motion should be reversed and remanded to the trial court for further proceedings.